795
21 ...208
56... 582

THE STATE,

*vs.*

WILLIAM DALE.

Under the act of 1851, in relation to the sale of intoxicating liquors, it is not sufficient that the complainant shall state that the complainant is "credibly informed" that an offence has been committed. The act must be strictly followed.

This case was reported from the Circuit Court of Green county. The defendant had been prosecuted for violation of the act of 1851, in relation to the sale of intoxicating liquors, before a justice of the peace, taken by appeal, to the Circuit Court, where the defendant was convicted ; whereupon a motion in arrest of judgment was made on the ground of the insufficiency of the complaint.

The complaint stated that he, the complainant, "had been credibly informed," &c., without stating that he had good reason to believe, or that he did believe the defendant was guilty.

*Jas. H. Knowlton*, for the defendant.

*Geo. B. Smith*, Attorney Gen'l, for the prosecution.

*By the Court*, WHITON, C. J. We do not see how the conviction in this case can be sustained.

The statute in relation to the sale of intoxicating liquor, in force at the time when the offence charged against the defendant, is alleged to have been committed, (*Sess. Laws of* 1851, § 5, 7,) provided that "upon complaint being made to any justice of the

peace, by any person that he knows, or has good reason to believe that [an] offence against this act, or any violation thereof, has been committed, he shall examine the complainant upon oath, and he shall reduce such complaint to writing, and cause the same to be subscribed by the party complaining. And if it shall appear to such justice that there is reasonable cause to believe that such offence has been committed, he shall immediately issue his warrant, reciting therein the substance of such complaint, and requiring the officer to whom such warrant shall be directed, forthwith to arrest the accused, and bring him before such justice, to be dealt with according to law; and the same warrant may require the officer to summon such persons as shall be therein named, to appear at the trial to give evidence."

It will be seen that the complaint in this case does not follow the statute, and we think the deviation from it is so great as to make the complaint insufficient to be the foundation of legal proceedings. The statute dispenses with the necessity of a distinct charge against the person accused, of a violation of it, and authorizes the arrest of the defendant, if the complainant will declare upon oath that he has " good reason to believe" that an offence has been committed. The complainant in this case, swears that he " has been credibly informed," &c. This might have been true, and yet the complainant might not have believed the information, nor have had any good reason for believing that an offence had been committed. Some person entitled to credit, might have given him [the information, and circumstances within his own knowledge, might have satisfied him that the informer was mistaken. In such a case, he would have

been credibly informed that an offence had been com-
mitted, and yet would have had no good reason for
believing it.   The statute authorizes the arrest of a
person without a direct charge of a violation of law,
and we are not disposed to extend it by construction.

If a citizen can be deprived of his liberty without
having a direct charge of guilt preferred against him,
the statute which authorizes his arrest without such
a charge, should be strictly followed.

The judgment must therefore be arrested.