HARVEY E. ALLEN, Plaintiff in Error,

*vs.*

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO WALWORTH CIRCUIT COURT.

The Circuit Court has original jurisdiction of all criminal offences committed in the state, and when no other mode of prosecution is provided, the proceeding may be by indictment.

Although justices of the peace are authorized to try certain offences and misdemeanors created by statute, yet the circuit courts have also jurisdiction of such offences, unless prohibited by law, or exclusive jurisdiction is conferred upon justices of the peace.

By section 5 of chapter 162 of the Session Laws of 1851, the selling of intoxicating liquors without license, was made a misdemeanor.

Chapter 162 of Session Laws of 1851, does not confer upon justices of the peace exclusive jurisdiction of the offences thereby created, but the same are indictable in the Circuit Court.

Under chapter 162 of Session Laws of 1851, it was not essential to the offence, that the liquor sold was to be drunk on the premises of the seller. The offence consisted in the mere act of selling, dealing in, or, if for the purpose of evading the law, giving away spirituous liquors without license.

By the same act the quantity sold is immaterial.

The averment in the indictment that the defendant sold, &c., without first obtaining a license therefor, is sufficient.

Where the offence was committed after the commencement of the term at which the indictment was found, the caption was allowed to be amended so as to show that the actual presentment of the same in court by the grand jury, was subsequent to the day on which the offence was charged to have been committed.

The court cannot mend the body of an indictment, that being the finding of the grand jury, but the caption may be amended by the records, so as to show the actual day of presentment.

An indictment may be returned for an offence committed at any time previous to the finding of the bill, although such offence is committed after the commencement of the term of court at which such bill is returned.

Where an indictment is returned for an offence committed after the commencement of the term at which it is found, the caption should recite that the indictment was found at a court begun and held at, &c., and continued by adjournment to a day named, being after the time of the alleged offence.

THIS was an indictment for selling spirituous liquors found and presented in the circuit of Walworth county. As the seve-

ral points in judgment arise from, and are based upon objections taken to the form or substance of the indictment, it is given at length as follows :

" *State of Wisconsin, Walworth county, ss* :   At a term of the Circuit Court in and for the county of Walworth, in the state of Wisconsin, begun and held at the court-house in Elkhorn, in said county, on the third Monday in May (being the twenty-first day thereof), in the year of our Lord one thousand eight hundred and fifty-five, before the Honorable James R. Doolittle, judge of first judicial circuit of the state of Wisconsin :

" The jurors of the grand jury of the state of Wisconsin, good and lawful men of the county of Walworth aforesaid, duly selected, impanneled, sworn and charged to inquire in and for the body of the county of Walworth aforesaid, upon their oath present that Harvey E. Allen, of the town of Geneva, in said county of Walworth, on the twenty-third day of May, in the year of our Lord one thousand eight hundred and fifty-five, at the village of Geneva, the same being then and there an incorporated village under the laws of this state, in the said town of Geneva, in said county of Walworth, unlawfully and willfully did sell spirituous liquors, to wit : whiskey of the quantity of one gill, to one Charles Gill, without first having obtained a license therefor according to law, and in compliance with the provisions of an act of the state of Wisconsin, entitled ' An act licensing the sale of intoxicating liquors,' against the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin.

" And the said jurors aforesaid, upon their oath aforesaid, do further present that Harvey E. Allen aforesaid, of the town of Geneva aforesaid, in the county of Walworth aforesaid, on the twenty-second day of May, in the year of our Lord one thousand eight hundred and fifty-five, at the village of Geneva aforesaid (the same being then and there an incorporated village as aforesaid, under the laws of this state), in said town of Geneva, and in the county of Walworth aforesaid, did unlawfully and willfully sell spirituous liquors, to wit : whiskey, of the quantity of two gills, to Terence Grimes, and received ten cents in pay therefor, with-

out first having obtained a license therefor, according to the laws of the state of Wisconsin, contrary to the provisions of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin.

"And the jurors aforesaid, upon their oath aforesaid, do further present that Harvey E. Allen, aforesaid, at the village of Geneva, aforesaid, so incorporated as aforesaid, in the town and county aforesaid, on the fourth day of July, in the year of our Lord one thousand eight hundred and fifty-four, unlawfully and willfully did sell spirituous liquors, to wit: whiskey and brandy of the quantity of one gill, to Harvey Gill and John M. Nelson, without first having obtained a license therefor, according to the laws of the state of Wisconsin, contrary to the provisions of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin.

"And the jurors aforesaid, upon their oath aforesaid, do further present that Harvey E. Allen aforesaid, in the town of Geneva aforesaid, in the county of Walworth and state of Wisconsin, on the first day of January, in the year of our Lord one thousand eight hundred and fifty-four, and on divers other days and times between that day and the day of the finding of this indictment, at the village of Geneva aforesaid (the same being then and there an incorporated village under the laws of this state), in said town of Geneva, in said county of Walworth and state of Wisconsin, did unlawfully and willfully sell spirituous liquors, ardent spirits, and intoxicating drinks, to wit: rum, gin, brandy, whiskey, wine, and strong beer, of the quantity of one gill, to John M. Nelson, Charles Gill, Henry Gill, Terence Grimes, Thomas Utter, Thomas Francis, Lansing D. Hale, Samuel A. Spaford, George Clark, William Jewett, and to divers other persons, citizens of this state, and to the jurors unknown; and did then and there deal and traffic therein, without first having obtained a license therefor according to law, against the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin."

On the arraignment of the defendant, the district attorney entered a *nolle prosequi* as to the last two counts, whereupon the

defendant demurred to the remaining counts of the indictment: and for causes of demurrer specified the following:

1. Because the Circuit Court has no original jurisdiction of the offence charged in the indictment, and because said offence is not indictable by the law of the state.

2. Because the indictment insufficiently and defectively charges the offence in this: that it does not set forth whether the sales of spirituous liquors therein charged were of a quantity greater or less than one gallon; nor whether said liquors were to be drunk on the defendant's premises; nor whether the defendant made said sales as the keeper of a house of public entertainment for the benefit and accommodation of travelers, or otherwise.

3. Because the indictment contains no sufficient averment that the defendant was not, at the time and place of the sales, duly authorized to do the acts charged against him.

4. Because the indictment charges the defendant with an offence committed on a day after the caption of the indictment. Joinder in demurrer.

After argument, the Circuit Court overruled the demurrer, except as to the fourth cause assigned; and as to said fourth cause of demurrer, the court ordered that the caption of the indictment might be amended by the court, by the records remaining therein, so as to show that the day of the actual presentment into court, by the grand jury, of the indictment, was on a day later than that on which the offence set forth therein was charged to have been committed: the caption was accordingly so amended, and the demurrer as to the other causes assigned was overruled. The defendant, by his counsel, duly excepted to the ruling of the court below allowing said amendment, and thereby brought that part of his case to the record in due form: which said exceptions being presented and signed by the judge of the Circuit Court, are brought here for the opinion of this court thereon.

*A. W. Farr* and *J. W. Carey*, for the plaintiff in error.

The Circuit Court has no original jurisdiction of this offence, and said offence is not indictable by the law of this state. *Act of 1851, ch. 162, sec. 6; Rev. Stat. ch. 29; Commonwealth vs.*

*Howes,* 15 *Pick.* 231; 1 *Minot's Digest,* p. 14, §§ 1, 2, 16; 3 *Chand.* 265 (271); *Kent Comm.* p. 467.

The indictment defectively charges the offence in not setting out whether the sales were of greater or less quantity than one gallon; or whether to be drunk, or not to be drunk on defendant's premises. *Act of* 1851, *ch.* 162; *Amendment of same* 1852, *ch.* 427; *Commonwealth vs. Pray,* 13 *Pick.* 359; 23 *Pick.* 275; *Stat. of Mass.* 1838, *ch.* 157; *Rev. Stat. Mass. ch.* 47; *Commonwealth vs. Thayer,* 5 *Met.* 246; *Arch. Cr. Pl.* 44.

The indictment contains no sufficient averment negativing a license. *Arch. Cr. Pl. p.* 56 (*37); 24 *Pick.* 374.

In regard to amendment of caption, see 6 *Cush.* p. 174.

The first count avers that defendant was not licensed in compliance with the provisions of an act in the statutes of Wisconsin, entitled " An act licensing the sale of intoxicating liquors ;" whereas the act referred to was repealed by the act of 1852 (*chap.* 427), in all the essential particulars of license, and not in force at the finding of said indictment.

The first and second counts are repugnant, the allegation being that the defendant *unlawfully* sold, &c., without first being licensed thereto, *i. e.* to make such *unlawful sale.  Arch. Cr. Pl. p.* 66 (*54).

*Wm. R. Smith,* attorney-general, submitted the case.

*By the Court,* COLE, J.   At a term of the Circuit Court, for the county of Walworth, begun and held at the court-house in said county, on the 21st day of May, 1855, the plaintiff in error was indicted for selling spirituous liquors without a license, under section 5 of chapter 162 of the Session Laws of 1851.

A demurrer was interposed to the indictment, assigning several causes of demurrrer, which will be subsequently noticed.

The Circuit Court, after permitting the caption of the indictment to be amended, so as to obviate one objection which had been taken to it, overruled the demurrer.   The plaintiff in error

declining to plead, was adjudged guilty of the offences charged in the indictment, and a fine was imposed upon him of forty dollars and costs.

The writ of error is prosecuted to reverse this judgment for matters appearing upon the record; and the first point made, is, that the Circuit Court had no original jurisdiction of this offence, it not being indictable by the law of the state.

Section 5 of chapter 162 of the Session Laws of 1851, provides that "if any person shall vend, sell, or in any way deal out or traffic in, or for the purpose of evading this act, give away any spirituous, ardent or intoxicating liquors or drinks, in any quantity whatever, without first having obtained a license therefor according to the provisions of this act, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be punished therefor by a fine," &c.

The 6th section gives to justices of the peace power to try and determine all offences growing out of the provisions of the act, but the act nowhere professes to give the justices' court exclusive jurisdiction of such offences, or to prohibit the Circuit Court from taking cognizance of them by indictment. Such being the case, the Circuit Court undoubtedly has original jurisdiction of all offences against the act, by virtue of section 8 of article 7, of the Constitution, and section 6 of chapter 83 of the Revised Statutes.

By section 8 of article 7 of the Constitution, the circuit courts have original jurisdiction of all matters civil and criminal within the state, not otherwise excepted in the Constitution, and not thereafter prohibited by law, and by section 6 of chapter 83 of the Revised Statutes, the said courts have power and authority to hear and determine all cases of crimes and *misdemeanors* of whatever kind, not exclusively cognizable by a justice of the peace, which may be committed in any county or place within their respective circuits. The act of selling spirituous and intoxicating liquors without license, being made a misdemeanor by the statute, and the justices' court not having exclusive jurisdiction of the offence, the Circuit Courts have original juris-

diction of the offence, by virtue of their common law powers in cases of misdemeanors.

The first count in the indictment charges the plaintiff in error with unlawfully and willfully selling spirituous liquors, to wit: whiskey, of the quantity of two gills, to Terence Grimes, receiving ten cents in pay therefor, without first having obtained a license, according to law. It is now contended that the indictment is insufficient and defective in not setting out whether the sales were of a greater or less quantity than one gallon, or whether the liquor sold was to be drunk upon the premises, or within the house of the plaintiff in error.

The general rule in regard to criminal pleading undoubtedly is, that the indictment shall set forth the particular facts and circumstances constituting the offence charged. But the statute does not make it an ingredient of the offence that the liquor is sold to be drunk upon the premises. The distinct substantive offence consists in the mere act of *selling*, dealing, trafficking in, or if for the purpose of evading the law, in giving away spirituous liquors without license. Neither is there any limitation to the quantity sold. It is perfectly immaterial whether a gill, pint, quart, gallon or hogshead be sold. If any assignable quantity be sold without license, the act is violated. By the language of the statute, the selling of "any quantity whatsoever" is prohibited. Consequently, the rule laid down in the case of the *Commonwealth vs. Odlin* (23 *Pick.* 275), has no application to this case. There the offence consisted in selling, in a quantity less than fifteen gallons. The averment in the indictment was that a pint was sold, without negativing the idea that a larger quantity was sold: therefore the indictment was held insufficient.

Another objection taken to the indictment is, that it contains no sufficient averment that the plaintiff in error was not duly licensed. We do not think this point well taken. The indictment does most directly and positively allege a willful selling without first obtaining a license therefor according to law. We do not well see how greater precision and certainty are attainable in pleading. This averment seems to be substantially like

those in the indictment in the cases of the *Commonwealth vs. Thurston* (24 *Pick.* 374), and *Commonwealth vs. Churchill* (2 *Met.* 119), about which no question was made. In the former case, the point was made and sustained, that the burden of proof was on the government to show, *prima facie*, that the defendant was not licensed. And it seemed to be placed upon the ground, that as the county commissioners alone had the authority to grant licenses, and were required by law to keep a record of them, the proof as to whether a license had been granted or not was equally accessible to both parties. In the case of the *Commonwealth vs. Churchill*, the defendant moved for a new trial, that he might have the benefit of showing, *in his defence*, that he had been licensed as a taverner, although the indictment alleged the contrary. The motion was denied, for the reason that the license exhibited did not authorize him to do the acts of which he was accused and found guilty, and that he had neglected to bring it forward at the proper time for the purpose of raising the question as to the supposed defect of form in the indictment. But neither of these cases show that the allegation in this indictment that the defendant was not duly licensed, is vague and insufficient.

The caption of the indictment in this case was as follows:

" *State of Wisconsin, Walworth County, ss.:* At a term of the Circuit Court in and for the county of Walworth, in the state of Wisconsin, begun and held at the court-house in Elkhorn in said county, on the third Monday of May (being the twenty-first day thereof), in the year of our Lord one thousand eight hundred and fifty-five," &c. From an indorsement on the indictment by the clerk, it appeared to have been returned and filed on the 25th of May. The first count alleged the unlawful selling on the 23d day of May, 1855. The second count alleged the unlawful selling on the 22d day of May, 1855. It was objected that the indictment charged the offence to have been committed on a day after the date of the caption of the indictment. The Circuit Court permitted the caption of the indictment to be amended by the records of the court, so as to show that the day of the actual presentment of the same into court by the grand jury was on a

day later than the day on which the offence therein set forth was charged to have been committed.

.. The question now is, was it competent for the Circuit Court to amend the caption of the indictment in this particular ?  We are of the opinion that it was, and that the following authorities go to that extent: *Penn vs. Bell, Addison R.* 156; 1 *Chitty Crim. L.* 336; 2 *Hawk. Pl. C. ch.* 25, § 97; *Moody vs. State,* 7 *Blackf.* 424; *State vs. Williams,* 2 *McCord R.* 181; *State vs. Jones,* 4 *Halst. R.* 2.

It is very true that the court could not amend the body of an indictment, for that is the finding of the grand jury. But we think it might amend the caption, by the records, so as to show the time the indictment was returned into court.

We have been referred to the case of *The Commonwealth vs. Geraud and another* (6 *Cushing R.* 175), as establishing a contrary doctrine. In that case, however, the right of the Common Pleas to amend the caption of the indictment upon application made for that purpose, was not raised in the argument, or passed upon by the court. It appears that upon the trial, the attorney for the commonwealth, to support the second count of the indictment, offered in evidence certain acts of the defendants that took place on the day after the commencement of the term at which the indictment was found. The defendants objected to the competency of the proposed evidence, on the ground that the indictment purported to have been found by the grand jury at a term anterior to the time of the acts, offered to show the commission of the offence. The court say, " We are also equally clear that an indictment may be returned for an offence committed at any time previous to the finding of the bill, although such offence is committed after the commencement of the term of court at which such bill is returned." 2 *Hale's P. C.* 156; 1 *Chitt. Cr. L.* 315. " But when the offence was committed after the commencement of the term, it would seem to be the more regular and proper mode to recite in the caption that the indictment was found at a court begun and held at, &c., and continued by adjournment to a day named, being after the time of the alleged offence. Whether the omission to do so will require the rejection of all

evidence of acts tending to show an offence committed after the commencement of the term, we have thought unnecessary to decide, as we think this verdict should be set aside on other grounds."

The only change made in the law of 1851, by chapter 422 of Session Laws of 1852, appears to be in giving to the boards which grant licenses, discretion as to the amount to be paid therefor, and also in reducing the fine prescribed by section 5, of the former act, for a violation of its provisions. In all other respects the act of 1851, remains in full force, and the indictment was properly found under it.

We think the conviction in this case was right, and the judgment of the Circuit Court is affirmed, with costs.