### THE PEOPLE, *ex rel.* COOK, *v.* BECKER.

The affidavit of a mortgagee, seeking to acquire the title of a purchaser or lands sold on execution, must state the sum due or to become due upon the mortgage positively, or so aver the belief of the affiant as that perjury may be assigned.

An affidavit, stating the sum due, " as claimed by this deponent," is fatally defective.

WRIT of error to the Supreme Court. Mandamus requiring the sheriff of Montgomery to execute to the relator a deed of certain land, to which he claimed to have acquired title as purchaser upon a sale on execution. The sheriff made a return to the alternative writ, upon which issues of fact were joined and tried at the Montgomery Circuit. It was there found that on the last day for redeeming the property from the sale, one Livingston Spraker presented to the sheriff a certified copy of a mortgage to himself, which was a lien upon the land, with his affidavit annexed thereto, stating the sum due or to become due on said mortgage, in the language set forth in the following opinion. He paid the sheriff the proper sum of money, and received from him a deed of the premises. These facts formed the sheriff's answer to the relator's claim for a deed. The Supreme Court, at general term in the fourth district, held the answer insufficient and awarded a peremptory mandamus. The sheriff sued out a writ of error, and brought the record to this court.

*John H. Reynolds*, for the plaintiff in error.

*Philo Gridley*, for the defendant in error.

JOHNSON, Ch. J. The affidavit on which the right of the original purchaser was sought to be acquired, was, in my opinion, defective in the manner of stating the amount due upon the mortgage. It says: "That there is actually due or

to become due on said mortgage, at this, the time of claiming a right to purchase or redeem thereon, over and above all payments, the sum of $6,433, as claimed by this deponent."

The statute requires an affidavit, stating the true sum due, or to become due, over and above all payments. The sum thus stated is the amount which any other person seeking, in pursuance of the statute, to subsequently acquire the same right, must pay. There is, therefore, good reason for saying that the statement shall be made in such manner as to have the direct and positive sanction of the party's oath to its truth; and that, not only so as to bind his conscience by the solemnity of an oath, but also to subject him to the penalties of the law in case the statement is untrue.

I can make nothing more of the statement in this case than that the party claims the sum stated to be due over and above all payments. That claim he may believe to be unfounded, and he has said nothing to show that he does not so believe. The statement falls short of the positiveness which would be involved in a statement that he believed the sum to be due. On that perjury might be assigned. But on his affidavit that he claims so much to be due, the affidavit itself is a claim which would probably protect him from a conviction for perjury, should the claim turn out to have been made without any foundation. We might as well say at once that no affidavit is necessary, as to hold that this is sufficient.

COMSTOCK, DENIO, STRONG and GROVER, Js., concurred.

Judgment affirmed.