## TOM BROWN *v*. THE STATE.

1. AFFIDAVIT.— The Code of Procedure, article 431, enacts that no information shall be presented until oath in writing has been made by some credible person charging the defendant with an offense; No form for the affidavit is prescribed, and substantial compliance with the provisions of the Code is sufficient.

2. SAME.— To an affidavit for an information it is objected that the commission of the inculpatory act is not alleged positively, but only to "the best of the knowledge and belief" of the affiant. *Held*, that the allegation is sufficient, and the objection not tenable.

3. INFORMATIONS.— No offense is charged by an information which, without itself alleging the inculpatory act, refers to the "affidavit which is herewith filed and shows" the commission of the act by the accused.

4. SAME.— AMENDMENT of formal defects in an information is allowable, but not of substantial defects.

5. QUÆRE.— Whether the substance of an information can be amended by consent of the parties,— the Code of Procedure, article 550, providing that "No matter of substance can be amended."

6. PRACTICE IN THIS COURT.— By the record alone is a cause determinable on appeal. It is not competent for the county judge and the prosecuting attorney to authenticate matters *dehors* the record.

APPEAL from the County Court of Brazoria. Tried below before the Hon. E. N. WILSON, County Judge.

The conviction was for adultery, and a fine of $200 the punishment imposed on the appellant. The matters relevant to the rulings are disclosed in the opinion.

*E. J. Wilson* and *T. G. & H. Masterson*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WHITE, P. J. It is a provision of the Code of Criminal Procedure that "An information shall not be presented by the district or county attorney until oath has been made by some credible person charging the defendant with an offense. The oath shall be reduced to writing

and filed with the information. It may be sworn to before the district or county attorney, who for that purpose shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths." Code Crim. Proc. art. 431.

"Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing, and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney. Said complaint shall state the name of the accused, if his name is known, and if his name is not known it shall describe him as fully as possible, and the offense with which he is charged shall be stated in plain and intelligible words, and it must appear that the offense was committed in the county where the complaint is filed and within a time not barred by limitation." Code Crim. Proc. art. 35. "If the offense be a misdemeanor, the attorney shall forthwith prepare an information and file the same, together with the complaint, in the court having jurisdiction of the offense." Code Crim. Proc. art. 36.

No precise form is prescribed for a complaint, and a substantial compliance with the terms of the provisions quoted will be sufficient. If we turn to the statute with regard to complaints, when made before magistrates, we find that the law declares them sufficient, without regard to form, if they have the substantial requisites therein named; one of which is that "it must state that the accused has committed some offense against the laws of the State, naming the offense, *or that the affiant has good reason to believe and does believe* that the accused has committed such offense." Code Crim. Proc. art. 236.

We are of opinion that the complaint in the case before us is sufficient under these provisions, the objection urged being solely that affiant deposed "to the best of his

knowledge and belief," and not positively, to the fact stated. "A charge merely upon knowledge and belief of the complainant has been held in Maine to be sufficient, without a more positive averment." 1 Bish. Crim. Proc. (3d Ed.) sec. 230; *State* v. *Hobbs*, 39 Maine, 212; *State* v. *Dale*, 3 Wis. 795; *People* v. *Becker*, 20 N. Y. 354.

So much for the complaint. As to the information, it is beyond question fatally defective under the rules laid down in *Hunt* v. *State*, 9 Texas Ct. App. 404. The charging clause of the information in the present as in that case refers to the complaint upon which it was based, and alleges that the affidavit "shows" the matters and things charged against the accused, instead of averring the facts affirmatively and directly, and with positiveness and certainty. It appears that the prosecuting officer and county judge became aware of the defect in the information and they endeavored to supply it by an amendment. This could not be done in regard to matter of substance. Amendments of indictments or informations are allowable as to matters of form, but "no matter of substance can be amended." Code Crim. Proc. art. 550.

We find accompanying the record an independent original statement by the county judge and county attorney, to the effect that the amendment was made by consent of attorneys and permission of court, and was filed before the case was called. No such fact is disclosed by the record, and by that and that alone the case must be determined here. The county judge and county attorney cannot give authenticity to facts *dehors* the record by certifying to them. Besides this statement and contradictory of it, we find that the motion in arrest of judgment is in part based upon this insufficiency of the information; the assignment of errors makes the same objection to the validity of the judgment, and counsel for appellant is again urging it before this court as ground of reversal. If the amendment had been really agreed to and was act-

ually made, it is questionable, in the face of the express language of the statute quoted above, as to whether such action could be upheld; but, to say the least of it, where such action is sought to be maintained the record should show beyond question that the amendment had in fact been made.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*