## The State vs. Tall.

*December 18, 1882 — January 9, 1883.*

JUSTICES' COURTS. *(1) What irregularities cured by appeal.*
LICENSE LAWS. *(2-4) Requisites of complaint for selling liquor without license; (5) and of warrant.*

1. Where on appeal from a justice of the peace who had jurisdiction of the subject matter and of the defendant's person, there was a trial *de novo*, exceptions in respect to alleged errors and irregularities in the proceedings before the justice, even to the extent of divesting him of jurisdiction to try the case, are immaterial and will not be considered.
2. A complaint, under ch. 66, R. S., for selling liquor without a license, which states the facts " as this deponent is creditably informed and verily believes," is sufficient.
3. The formula, " against the peace and dignity of the state of Wisconsin," if essential, is necessary only in criminal informations, and even in such cases it is sufficient if it follow the last count.
4. A complaint under ch. 66, R. S., stating that the defendant sold and gave away liquors, " without having first obtained license therefor," clearly implies that no license had been first obtained according to the requirement of that chapter.
5. The substance only of the complaint need be recited in a warrant, and it is immaterial that the latter states the offense as being charged in the complaint positively and on actual knowledge, instead of upon creditable information and belief.

EXCEPTIONS from the Circuit Court for *Rock* County.

The complaint, omitting the caption, etc., was as follows: " Webster H. Pease, of said county, being first duly sworn and examined on oath, by and before David L. Mills, a justice of the peace of said county, makes complaint and says that *William Tall* did on the 9th day of November, A. D. 1880, at the town of Fulton in said county, unlawfully vend, sell, deal and traffic in, to, and with Stephen Saxby, J. Cordner, and C. C. Oviatt, spirituous, malt, ardent, and intoxicating liquors and drinks, without having first obtained license therefor; and for the purpose of evading chapter 66 of the

revised statutes did give away to the said Stephen Saxby, J. Cordner and C. C. Oviatt, spirituous, malt, ardent, and intoxicating liquors and drinks, without having first obtained license therefor, as this deponent is creditably informed and verily believes, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin, and prays that the said *William Tall* may be arrested and dealt with according to law." The warrant recited the substance of the complaint, following its language, but omitting the words " as this deponent is creditably informed and verily believes."

The docket of the justice, under the date November 30, 1880, shows that the defendant was arrested and, the charge in the warrant being read to him, pleaded not guilty, and then contains this entry: "By consent of parties this cause is adjourned to December 3, 1880, at ten o'clock at my office." Under the date December 3, 1880, the docket after reciting the appearance of the parties contains this entry: " Plaintiff asked for an adjournment for one week on account of sickness of James Cordner, a material witness, and filed certificate of B. Burdick, M. D., of inability of witness to attend court, cause accordingly adjourned to the 10th inst. at ten o'clock A. M., at my office." The judgment entered on the docket is as follows: "It is therefore adjudged and determined that the defendant pay a fine of $30 and the costs of this prosecution, taxed at $26.50, and that he be committed to the common jail of Rock county until said fine and costs are paid or discharged, but that the time of such imprisonment is hereby limited to ninety days."

An appeal having been taken to the circuit court, the defendant moved that the action be dismissed and he be discharged for the following reasons:

1. The complaint does not state that complainant knew or had good reason to believe the matters set forth therein.

2. The complaint attempts to set forth two distinct and

separate offenses. The second count or charge is void. It does not allege any time or place when or where the liquor was sold. The allegation "against the peace and dignity," etc., only applies to the second charge or count, and if there is any offense set forth in the first charge it is not connected with that allegation.

3. The complaint does not charge that the sale or giving away was "without first having obtained a license therefor according to the provisions of ch. 66, R. S." It does not show what license, whether state, town, village, city, or United States, and the allegation is not in the words of the statute.

4. Variance between the complaint and warrant in that the warrant does not set out that the allegations of the complaint were on information and belief.

5. There is no finding or statement by the justice in the warrant, docket, or record that it appeared to him there was good reason to believe an offense had been committed.

6. It does not appear that the case was adjourned by the justice to December 3, 1880, *for cause*, or that there was any cause for such adjournment. The docket does not show to what hour the case was adjourned, the words, "at ten o'clock at my office," only referring to the time when and place where the adjournment was made and not to the time and place to which it was adjourned.

7. The return shows that the case was adjourned from December 3d to December 10th, on motion of the plaintiff, without showing it was for cause or stating facts that show it was for cause; there being no evidence that Cordner was a material witness, and the certificate of Dr. Burdick that he was unable to attend not being legal evidence of the fact.

8. The judgment is void in that it does not comply with sec. 1550, or with sec. 4633, R. S.

The motion was denied. The trial in the circuit court resulted in a general verdict of guilty. A motion to set aside the verdict and for a new trial was denied.

*William Smith,* for the defendant, to the point that a continuance must be for cause, cited *Hepler v. State,* 43 Wis., 479.

For the state there was a brief by the *Attorney General,* and oral argument by *H. W. Chynoweth,* Assistant Attorney General. It was argued, *inter alia,* that the warrant need not state that the complaint was made upon information and belief, the manner in which it was made not being of the *substance* of the complaint. R. S., sec. 1551; *Flanders v. McVickar,* 7 Wis., 377; Clark's Crim. Law, 531; *Dawson v. Fraser,* 7 U. C. Q. B., 394; *Platt's Case,* 1 Leach C. C., 167. There need be no judicial determination on the part of the justice that he has reasonable cause to believe that an offense has been committed. *Bradstreet v. Furgeson,* 17 Wend., 187; *S. C.,* 23 id., 638; *Rindskopf v. State,* 34 Wis., 217. When the docket of a justice shows an adjournment it will be presumed, when the statute requires that it should be made only on cause shown, that it was so made. *Baizer v. Lasch,* 28 Wis., 268, and cases cited; *Burt v. Bailey,* 21 Minn., 403; *Tyrrell v. Jones,* 18 id., 312; *Rindskopf v. State,* 34 Wis., 217; *Brown v. Connelly,* 5 Blackf., 390; *Taylor v. Wilkinson,* 22 Wis., 39; *Storm v. Adams,* 56 Wis., 137. The first adjournment was consented to on the part of the defendant and he cannot be heard to say that it was irregular. *State v. Homey,* 44 Wis., 615. An adjournment contrary to statute is simply an irregularity, and is waived by appearance subsequently without objection. McCall's Justice, 259, and cases cited; *Barnes v. Badger,* 41 Barb., 98; *Allen v. Edwards,* 3 Hill, 500; *Stephens v. Baird,* 9 Cow., 274; *State v. Homey, supra; Anderson v. S. Minn. R. R. Co.,* 21 Minn., 30; *Rhodes v. King,* 52 Ala., 272. The cases above cited are civil, with one exception. The doctrine of waiver is, however, extended by all the cases to criminal cases not felonies. *Comm. v. Dailey,* 12 Cush., 80, and cases cited; *Comm. v. Henry,* 7 id., 512; *Comm. v. Gregory,* 7 Gray, 498; *Comm. v. Loghlin,* 15

id., 569; *State v. Borowsky*, 11 Nev., 119; *State v. Cox*, 8 Ark., 447; *Murphy v. Comm.*, 1 Met. (Ky.), 365; *State v. Van Matre*, 49 Mo., 268; *State v. Mansfield*, 41 id., 470; *Hill v. State*, 17 Wis., 675. This doctrine of waiver is by some cases even extended to cases of felony. *State v. Kaufman*, 51 Iowa, 578; *State v. Polson*, 29 id., 133; *Sarah v. State*, 28 Ga., 576; *Sahlinger v. People*, 102 Ill., 241. The appeal purged the record of all errors and irregularities in the justice's proceedings. *Comm. v. Calhane*, 108 Mass., 431; *Comm. v. Sheehan*, id., 432; *Comm. v. Harvey*, 111 id., 420; *Comm. v. Holmes*, 119 id., 195; *Leyden v. Sweeney*, 118 id., 418; *Klaise v. State*, 27 Wis., 464; *State v. Preston*, 34 id., 675; *State v. Haas*, 52 id., 407; *State v. Werner*, id., 414.

ORTON, J. This case comes to this court upon exceptions summarily settled and allowed by the circuit court. The complaint was for selling and giving away intoxicating liquors, without first having obtained a license therefor, and was first tried before a justice of the peace, and then on appeal in the circuit court. In the circuit court the case was tried *de novo*, and if the justice had jurisdiction of the subject matter, and of the defendant's person, and rendered judgment wholly unauthorized by law, and void for that reason, an appeal by the defendant from such judgment nevertheless gives the circuit court jurisdiction. *State v. Haas*, 52 Wis., 407. The exceptions, therefore, in respect to alleged errors· and irregularities in the proceedings before the justice, even to the extent of divesting him of jurisdiction to try the case, are immaterial and will not be considered. Only such questions as affected the jurisdiction of the circuit court, and are raised by errors and irregularities in that court, will be considered and decided.

1. The complaint stated the facts, " as this deponent is creditably informed and verily believes," without stating, as in the statute, that the deponent " had good reason to be-

lieve." The defect of the complaint in *State v. Dale*, 3 Wis., 795, was that it stated that the deponent "has been credibly informed," without stating that "he verily believed," or that he had good reason to believe, the charge made. The statement in this complaint that the deponent "has been creditably informed and verily believes," is stronger than the statute requires. That "he has been creditably informed" is stronger than that he "has good reason to believe," and includes it. The good reason is specified and stated, instead of the mere conclusion.

2. The two offenses of selling and giving away are charged, but the last one only is directly followed by the conclusion "against the peace and dignity of the state." This formula, if essential, is necessary only in criminal informations, and even in such cases it is sufficient if it follow the last count. *Nichols v. State*, 35 Wis., 308.

3. It is not stated that the liquor was sold or given away without first having obtained a license therefor according to the provisions of chapter 66 of the revised statutes. The license which had not been obtained was not stated, whether from the state, city, or village, or the United States. We think it was clearly implied that no license had been first obtained according to the requirement of the chapter creating the offense; and in *Allen v. State*, 5 Wis., 329, where the indictment charged the selling of liquors "without first having obtained a license therefor according to law," the allegation was equally indefinite, and yet it was held sufficient; and the same view was, in effect, stated in *State v. Downer*, 21 Wis., 274.

4. The warrant states the offense as being charged in the complaint positively and on actual knowledge, instead of on creditable information and belief. The statute requires only the *substance* of the complaint to be recited in the warrant. Sec. 1551, R. S. This was no part of the substance of the complaint, for it was immaterial to the defendant whether

the charge was made in the one form or the other, so far as notice to him of it was concerned, for he was equally bound to answer it, whether in the one form or the other. This disposes of all the exceptions adversely to the defendant.

*By the Court.*— The exceptions are overruled, and the cause remanded with direction to proceed according to law.

