PEOPLE ex rel. VAN BUSKIRK v. CLARK. 201

FIFTH DEPARTMENT, JUNE TERM, 1885.

_____

THE PEOPLE OF THE STATE OF NEW YORK EX REL. DUGALD C. VAN BUSKIRK, APPELLANT, *v.* SPENCER CLARK, AS LATE SHERIFF OF THE COUNTY OF YATES, RESPONDENT.

*Redemption by a mortgagee from a sale on execution — what is a sufficient statement of the amount due — Code of Civil Procedure, sec. 1465.*

A mortgagee, upon applying to a sheriff to redeem premises sold under an execution issued upon a prior judgment, made an affidavit which stated, among other things, "and this deponent further says that, as near as he can estimate, the sum of $2,288.29, including interest, now remains unpaid on said mortgage at this the time of claiming said right to redeem."

*Held*, that the statement complied with the provision of section 1465 of the Code of Civil Procedure, requiring the affidavit to state "truly the sum remaining unpaid on the mortgage at the time of claiming the right to redeem."

APPEAL from a judgment, entered on a decision of the Yates County Circuit, upon the trial of the action by the court without a jury.

The action originated in an application for a writ of *mandamus* to compel the defendant to execute a deed of certain premises in Yates county, for which the relator held the defendant's (sheriff's) certificate of sale.

202    PEOPLE ex rel. VAN BUSKIRK v. CLARK.

FIFTH DEPARTMENT, JUNE TERM, 1885.

The appellant procured an alternative writ of *mandamus* requiring the sheriff to execute to him a deed of certain premises sold on execution, or to show cause to the contrary. The sheriff appeared and made answer, stating, among other things, that he had executed a deed to one Benson Smith, who had redeemed the premises from the sale.

One Erasmus Clark was the owner in fee of the premises upon which the judgment was a lien, and Benson Smith had a lien by mortgage subsequent thereto. The relator purchased the premises at the sale, and on the last day for redemption by creditors Smith redeemed under his mortgage. The sheriff thereupon executed to Smith a deed in the usual form. The trial court dismissed the proceeding, with costs, holding that the proceedings to redeem were in all respects regular, and that the sheriff properly executed and delivered the deed to Smith, the redeeming mortgagee.

*Wood & Morris*, for the appellant.

*E. F. Babcock*, for the respondent.

BARKER, J.:

The single question presented relates to the sufficiency of the affidavit in the statement therein made by the redeeming mortgagee as to the sum claimed by him to be due on the mortgage on the day of the redemption. The statute requires the redeeming creditor to present to the sheriff, with the other necessary papers, an affidavit "stating truly the sum remaining unpaid on the mortgage at the time of claiming the right to redeem." (Code of Civil Pro., § 1465.) The affidavit presented by the mortgagee to the sheriff was verified on the day he sought to redeem, and after stating therein other material facts, concluded as follows: "And this deponent further says that, as near as he can estimate, the sum of $2,288.29, including interest, now remains unpaid on said mortgage at this the time of claiming said right to redeem."

The objection interposed by the relator as to the sufficiency of this affidavit is, that it is equivocal and doubtful in the statement relative to the sum due on the mortgage. It is true that the statement as to the sum unpaid is not expressed in the words of the statute; yet we think it is in substance in compliance with its requirements,

PEOPLE ex rel. VAN BUSKIRK v. CLARK.    203

Fifth Department, June Term, 1885.

as it does state a definite sum as unpaid on the day of the redemption, accompanied with an averment as to its truthfulness, in a form and manner that answers all the purposes of the statute. The language of the statute prescribing the form of the affidavit as to the sum unpaid on the mortgage is, in substance, the same as the provisions contained in prior laws on the same subject, wherein the requirement is expressed as follows : " Stating the true sum due, or to become due, on such mortgage at the time of claiming such right to purchase, over and above all payments." (Laws of 1836, chap. 525, § 2.) In proceedings to redeem under this act it has been frequently held by the courts that the redeeming creditor must, in form and substance, comply with the terms of the statute, but that a literal compliance was not exacted. (*The People ex rel. Rice* v. *Ransom,* 2 Hill, 51.)

The statute does not require the creditor to make a positive, absolute and unqualified statement as to the amount remaining unpaid. A rule as rigid and stern as that would, in many cases, defeat the right of redemption, for the reason that the redeeming creditor might not be able to make a statement as to the sum remaining unpaid, without some qualification. An agent or attorney of the mortgagee is empowered to make the affidavit required by the statute, and such persons, in many cases, when acting for the redeeming party, would have to make a qualified statement based upon such facts and information as they might possess.

The redeeming mortgagee states in his affidavit that there is unpaid on the mortgage, as near as he can estimate, the sum mentioned therein. This is equivalent to saying that he has calculated and computed the sum unpaid. The word estimate, when properly and correctly used, in oral communications or written instruments, is selected to express the mind or judgment of the speaker or writer on the particular subject under consideration. It implies a computation or calculation, as to *estimate* the loss or gain of an enterprise — Webster. The sense in which this word is used, the particular idea intended to be expressed by its use, must be determined by the subject-matter under consideration, together with the context of the instrument. The question presented as to the sufficiency of the affidavit, does not admit of much argument or illustration in its support. It is very largely a matter of interpre-

204     PEOPLE ex rel. VAN BUSKIRK v. CLARK.

FIFTH DEPARTMENT, JUNE TERM, 1885.

tation, the sense and meaning to be gathered from a perusal of the entire instrument.

The relator, in support of his position, relies upon the reported cases, giving construction to previous laws on the same subject. We have examined all the cases cited and will refer to some of them. *Smith* v. *Miller* (25 N. Y., 619) is not in point. The question as to the form and sufficiency of the affidavit used in those proceedings was not up for consideration. That was a suit in equity. All the parties interested in the subject were before the court, and it was found as a matter of fact that the affidavit on which the plaintiff relied in support of his redemption was false, in fact, in the statement made relative to the amount due on the judgment. The form and sufficiency of the affidavit as it appeared on its face was not questioned.

In *The People ex rel. Cook* v. *Becker* (20 N. Y., 354) the mortgagee who sought to redeem stated in his affidavit that there was actually due on the mortgage over and above all payments the sum named " as claimed by this deponent." The court held that the affidavit was defective, as it amounted to nothing more than a claim that the sum mentioned was due. And that it was so indefinite in its statements that perjury could not be assigned thereon, if the same was, in fact, knowingly false.

In the affidavit now under consideration, we think the statement is of a more positive character and is equivalent to an averment, that the affiant had computed the amount unpaid, and that it was in fact the sum mentioned in the affidavit. It is more than a claim that the sum mentioned remains unpaid on the mortgage.

In *Ex parte The Bank of Monroe* (7 Hill, 178) the affidavit was made by a person purporting to be an agent for the redeeming creditor, and it was held that it did not appear by the papers submitted on redemption that he was, in fact, an agent of the creditor, and on this ground the proceedings to redeem were held defective.

We fail to find any adjudication establishing a rule which, on being applied to the matter in hand, would condemn the affidavit presented by Smith, as being defective in substance. The sheriff was therefore right in delivering to Smith the deed.

In the recent case of *Pratt et al.* v. *Stevens* (94 N. Y., 387), the court had under consideration a similar question in giving construc-

tion to one of the provisions of chapter 466 of the Laws of 1877, relative to assignments for the benefit of creditors, and the remarks of the court there made are in a general way applicable to the case now under consideration, to which we refer in support of our conclusion that the judgment should be affirmed.

The statute required the debtor to verify the inventory by a statement under oath that "the same is in all respects just and true," and in that case the affiant added to the words of the statute the following: "To deponent's best knowledge, information and belief." The court held the affidavit, as made, to be in substantial compliance with the statute, as the statute did not require the same to be in any particular form, nor that the verification should be absolute and unqualified.

The judgment should be affirmed, with costs.

SMITH, P. J., BRADLEY and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.