(April 8, 1893.)

## STATE v. JORGENSON.

[32 Pac. 1129.]

DISCRETION OF COURT TO DISCHARGE JURY THAT CANNOT AGREE.—The discharge of a jury by reason of their inability to agree is entirely within the sound discretion of the court. The supreme court will not reverse a judgment of the court below for an abuse of discretion in discharging the jury unless it is affirmatively shown by the record that there has been such abuse of discretion; without such affirmative showing the presumption of this court is that the jury was properly and legally discharged.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Hawley & Reeves, for Appellant.

This record shows that the defendant was brought into court and a jury of twelve persons were duly and regularly selected, tried, and sworn to try the cause; that they heard the evidence and argument and retired to deliberate of their verdict, and

were afterward brought into court and stated that they had not agreed on a verdict, and the court discharged them. This, we contend, placed the defendant once in jeopardy, after which he should be granted his liberty, and no court had the right to again try him for the same offense, and that a retrial is prohibited under section 13, article 1, of our constitution. (*People v. Webb,* 38 Cal. 477; *People v. Coleman,* 4 Cal. 51, 60 Am. Dec. 581; *Tyler v. Palmer,* 31 Cal. 254.) That the plea of once in jeopardy is abundantly sustained by the proof in this case, and that the defendant could not be legally retried we cite the following authorities: *People v. Horn,* 70 Cal. 17, 11 Pac. 470; Wharton's Criminal Pleading and Practice, sec. 517; *People v. Soto,* 65 Cal. 621, 4 Pac. 664; *People v. Dolm,* 4 Am. Crim. Rep. 308; *Adams v. State,* 4 Am. Crim. Rep. 309; *People v. Hunckeler,* 48 Cal. 331; Cooley's Constitutional Limitations, p. 399, side p. 326; *State v. Ward,* 48 Ark. 36, 3 Am. St. Rep. 213, 2 S. W. 191; *Hilands v. Commonwealth,* 111 Pa. St. 1, 56 Am. Rep. 235, 2 Atl. 70; *State v. Calendine,* 8 Iowa, 288. The exercise of the discretion to discharge jury must be made a part of record. (*Lee v. State,* 26 Ark. 260, 7 Am. Rep. 611; 11 Am. & Eng. Ency. of Law, p. 950; *People v. Cage,* 48 Cal. 324, 17 Am. Rep. 436.)

Attorney General, for State, files no brief.

MORGAN, J. (After Stating the Facts).—The first assignment of error is that the evidence does not show, or tend to show, that the crime of grand larceny was committed. In this the court cannot agree with counsel. The evidence is strongly against the defendant, and was properly submitted to the jury; and it was for the latter to determine whether the evidence was, beyond a reasonable doubt, sufficient to work a conviction of the defendant.

The second assignment of error appears to be the main reliance of the counsel. It is that the evidence shows that on the twenty-seventh day of June, 1892, the defendant was placed in jeopardy under this indictment—in other words, because the court discharged the jury to which the cause was first submitted without the express consent of the defendant—claiming,

also, that the record of the court must show such express con-
sent, or that the record should show affirmatively the necessity
inducing the court to discharge the jury. We are unable to
agree with counsel for appellant. The power of the court to
discharge the jury is expressly given by the statute (Idaho Rev.
Stats., sec. 7905), which says: "Except as provided in the last
section, the jury cannot be discharged, after the cause is sub-
mitted to them, until they have agreed upon their verdict, un-
less by consent of both parties, entered on the minutes, or un-
less, at the expiration of such time as the court may deem
proper, it satisfactorily appears that there is no reasonable
probability that the jury can agree." The exercise of this
power is discretionary with the court. (Idaho Rev. Stats., sec.
7905; *People v. Stock,* 1 Idaho, 218.) There is no limitation,
either by statute or common law, for keeping the jury together.
The time is entirely within the discretion of the court. (*Peo-
ple v. Stock, supra; People v. Goodwin,* 18 Johns. 187, 9 Am.
Dec. 203.) In *United States v. Perez,* 9 Wheat. 579, Justice
Story says: "They [the courts] are to exercise a sound dis-
cretion on the subject, and it is impossible to define all the
circumstances which would render it proper to interfere. To
be sure, the power ought to be used with the greatest caution,
under urgent circumstances. But, after all, they have the
right to order the discharge; and the security which the public
have for the faithful, sound and conscientious exercise of this
discretion rests, in this as in other cases, upon the responsibil-
ity of the judges, under their oaths of office, and such a dis-
charge constitutes no bar to further proceedings, and gives no
right of exemption to the prisoner from being again put upon
trial." When exercised, in the absence of any affirmative show-
ing to the contrary, the presumption of this court is that it
was properly and legally exercised. It must be affirmatively
shown that the court has abused this discretion, because this
court can reverse a judgment of conviction on that ground.
There is no such affirmative showing in this case. We do not
think we would be justified in reversing a cause, and dis-
charging a prisoner convicted of a crime by an impartial jury,
unless it should be affirmatively shown by the record that he

had been deprived of some substantial right, to his prejudice. We cannot hold that the lower court has abused the discretion conferred upon it, of which we have no affirmative evidence. It is true it would be the better practice, in such cases, that the record should show, in brief, the reason for the discharge of the jury; but we cannot undertake to hold that, because the clerk neglected this in making up his record, there was an abuse of discretion. We are cited to the case of *Dobbins v. State,* 14 Ohio St. 493, by counsel for appellant. In that case the court say: "But while a case of urgent necessity must exist, and must be found to be such by the court, before a jury once sworn in a criminal case can be discharged without having rendered a verdict, we do not concur in the position that all the facts and circumstances upon which this finding is predicated must appear in the record." And again the court said (14 Ohio St. 503): "It is, however, undoubtedly true that an inquiry into the sufficiency of the facts upon which an order of this kind is made would involve even greater difficulty than one made upon evidence, merely; and, still more imperatively, the settled application of the rule that it should not be disturbed unless it plainly and manifestly appeared that no fair consideration of the facts would have warranted the decision. But when it is made plain and manifest that the jury has been discharged, without the consent of the accused, for a reason which the law does not recognize as a necessity, or when, for a reason apparently such, it is made clear that the facts did not establish its existence, we know of no way in which the integrity of the constitutional provision can be preserved, short of holding that the prosecution was there legally ended." The court here clearly hold that there must be affirmative evidence of the abuse of this discretion to authorize the supreme court to reverse a judgment of the lower court for this reason. In the case at bar there is no evidence of such abuse. It does not appear that the defendant or his attorney objected to the discharge of the jury. For aught that this court knows, the jury might have been striving to agree for one day or one week, and, for aught that appears, the court may have had abundant evidence that the jury could not agree. Had the defense consid-

ered the evidence too slight to justify the discharge of the jury, they should have objected thereto, and brought the evidence here, embodied in a bill of exceptions, or in the statement, in order that this court might have had facts upon which to base a judgment. The case of *People v. Goodwin,* 18 Johns. 187, 9 Am. Dec. 203, is a still stronger case in favor of the exercise of this discretion, in a proper case, by the lower court. So, also, is the case of *State v. Moor,* Walk. 134, 12 Am. Dec. 541. See, also, a large number of cases there cited. To the same effect is the case of *People v. Olcott,* 2 Johns. Cas. 301, 1 Am. Dec. 168. The judgment of the lower court must be affirmed, and it is so ordered.

Huston, C. J., and Sullivan, J., concur.