STATE, RESPONDENT, *v.* McCAFFERY, APPELLANT..

[Submitted March 25, 1895. Decided April 15, 1895.]

CRIMINAL LAW—*Assault with Deadly weapon—Sufficiency of indictment*—An indictment for an assault with a deadly weapon to do a bodily injury, under section 60, page 511, of the Compiled Statutes, is not rendered insufficient because of the omission therein of the technical word "feloniously," in the averment of the assault itself, where the intent with which the assault was made is specifically alleged to have been feloniously to inflict the injury.

SAME—*Waiver of objections to complaint and information.*—A defendant waives any rights he may have to object, either to the original verification of the complaint before the committing magistrate, or to the verification of the information in the district court, by pleading to the merits in such court.

SAME—*Motion to quash information.*—When an information has been filed without leave of court and before the examination and commitment of the defendant, an appropriate remedy is by motion to quash, under section 206 of the Criminal Practice Act, upon the ground that the information was not presented as prescribed by law.

SAME—*Loss of right to move to quash.*—Under section 208 of the Criminal Practice Act, if a defendant, on a second trial, does not ask to withdraw the plea of not guilty, interposed at the first trial, and have another and different plea substituted, it is a waiver of any grounds of objection to the information which might have been properly raised by motion to quash.

SAME—*Former jeopardy—Inadmissible evidence.*—On a trial for assault with a deadly weapon, the jury did not deliver or return any verdict into court, as required by section 334 of the Criminal Practice Act. At a second trial the defendant interposed a plea of former jeopardy, and offered to show that on the former trial the jurors agreed to acquit him of the charge, as set forth in full in the information, and find him guilty of simple assault only, and that their disagreement was as to the amount of the fine which should be by them imposed. *Held,* that this offer of the defendant was properly excluded by the court. (*In re Thompson,* 9 Mont. 381, cited.)

SAME—*Review of action of court in discharging jury.*—The exercise of the power of the court to discharge the jury when unable to agree on a verdict, as authorized by section 331 of the Criminal Practice Act, cannot be the subject of review, where the record is silent as to the length of time the jury deliberated.

SAME—*Complaint on information and belief.*—It seems that the proper construction of the words "probable cause," as used in the state constitution (art. 3, § 7), may be facts embodied in a complaint which charges the offense upon information and belief.

*Appeal from Fifth Judicial District, Jefferson County.*

CONVICTION for an assault.    The defendant was tried before
SHOWERS, J.    Affirmed.

Statement of the case by justice delivering the opinion.

The defendant appeals from a judgment of the district court
entered October 16, 1893, adjudging him guilty of the crime
of assault, and sentencing him to pay a fine of five dollars and
costs.

The bill of exceptions contains the original complaint made
by the sheriff of Jefferson county, on information and belief,
charging the defendant with having made an assault upon one
John F. Smith, with the intent, then and there, feloniously to
inflict upon the person of the said John F. Smith a bodily in-
jury, no considerable provocation then and there appearing for
said assault.

It appearing to the justice of the peace, "from the evidence,
that there was probable cause for believing the defendant
guilty," the defendant was held to answer for the offense set
forth in the complaint.

On November 16, 1892, the county attorney filed an infor-
mation against the defendant, the charging part of which is as
follows:    "With a certain deadly weapon, a dirk knife, then
and there had and held in his hand, did make an assault in and
upon one John F. Smith, then and there, being with the in-
tent, then and there, feloniously to inflict upon the person of
said John F. Smith a bodily injury, no considerable provoca-
tion then and there appearing for said assault."

*T. J. Walsh* and *C. B. Nolan,* for Appellant.

*Henri J. Haskell,* Attorney General, and *Ella L. Knowles,*
for the State, Respondent.

HUNT, J.—The appellant contends that the information
charged a simple assault, and not an assault with a deadly
weapon to do a bodily injury, as defined by section 60 of the

Criminal Laws of Montana. The ground of his objection is based upon the omission in the information of the technical word "feloniously," in the averment of the assault itself. For the purpose of considering this point, we may grant that the offense charged is a felony, and that the word "feloniously" is indispensable to the validity of the information; yet, when the whole charge is carefully considered, we find that the intent with which the assault was made is specifically alleged to have been, "then and there, feloniously to inflict upon the person of the said John F. Smith a bodily injury," etc. We are of opinion that an assault with a dirk knife, with an intent at the time thereof to "feloniously" injure another, is, by all reasonable rules of construction, nothing but a felonious assault, and that the information is good, as against the objection interposed.

The essence of the crime charged is the intent with which the assault is made. Where, therefore, the intent, at the time of the assault, is alleged to have been feloniously to inflict the bodily harm, it follows that the expression of such intent, which was the attempt to do the injury, must have been with that wickedness of heart and mind contemplated by the law pertaining generally to felonies. So that, when the information averred and imputed to the defendant a felonious intent to do the bodily harm which he sought to inflict when he made the assault, it necessarily imputed a felonious intent in the assault itself then and there made, and the rules of criminal pleading are complied with by the alleged felonious character of the whole offense charged in the information.

After the information was filed, a trial was regularly had. The jury disagreed, and were discharged. Upon a second trial the defendant moved to strike the information from the files, for the reason that no leave of court was ever obtained to file the same, nor had the defendant ever been examined or committed by any magistrate for the commission of any crime. The motion was overruled. Thereupon the trial proceeded.

After the state had introduced at least one witness, defend-

ant objected to the introduction of any evidence because the information "was verified by the county attorney only on information and belief, though no leave of court was ever had, nor was there ever any examination or commitment by any magistrate." The objection was overruled.

The point made by defendant is that, because the sheriff verified the original complaint before the justice on information and belief, the whole proceeding before the magistrate was a nullity, and that, therefore, there was no examination and commitment as required by section 8, Art. 3, of the constitution of the state.

It is unnecessary to decide, in this case, whether a verification of a complaint before a magistrate, by an officer, on information and belief, is good or bad, because the question was not raised before the magistrate, or before plea by the defendant in the district court. And by failure to raise the point before plea to the merits the defendant waived any rights he may have had to object either to the original verification of the complaint before the committing magistrate, or to the verification of the information in the district court. (*People* v. *Harris* (Mich.) 61 N. W. 871; *Lambert* v. *People*, 29 Mich. 71; *State* v. *Fall*, 56 Wis. 577, 14 N. W. 596; *State* v. *Ruth*, 21 Kan. 583; *In re Lewis*, 31 Kan. 71, 1 Pac. 283; *State* v. *Blackman*, 32 Kan. 615, 5 Pac. 173; *State* v. *Otey*, 7 Kan. 69; *State* v. *Stoffel*, 48 Kan. 364; *State* v. *Osborn*, 54 Kan. 473.)

In *State* v. *Barnes*, 1 N. D. 131, 54 N. W. 541, it was decided that, where a defendant had waived a preliminary examination before a committing magistrate, he had placed himself in a position which authorized the state's attorney to file an information against him for the same offense charged in the original complaint. The provision of the Dakota constitution requiring examinations before informations are filed is substantially like our own; and it was held that where an examination has been tendered a defendant even upon a fatally defective complaint, yet, if he has the privilege of an examination, and inter-

poses no objection to the complaint, the constitution and the laws have been complied with. The case is applicable to the one at bar. This defendant, according to the record, exercised the privilege, and after testimony was introduced the magistrate bound him over.

The defendant is correct in his argument that the information in this case could only have been filed after examination and commitment. Leave of court never having been obtained, these two steps must necessarily have been taken before any right was conferred upon the county attorney to file or present an information.

But, if these preliminary requisites had not been correctly pursued, an appropriate remedy was by motion to quash upon the ground that the information was not presented as prescribed by law. Section 206, Criminal Practice Act, applies to informations, and the statute includes and contemplates, as a reason for quashing, such a defect (if it was a defect at all) as the defendant here complains of, provided the question of the regularity of the original complaint had not already been waived altogether by the failure of the defendant to object thereto before the committing magistrate. (*People* v. *Dowd,* 44 Mich. 488, 7 N. W. 71; *People* v. *Murphy,* 56 Mich. 546, 23 N. W. 215; *People* v. *Gardner,* 62 Mich. 307, 29 N. W. 19.)

The record does not show that any leave was asked or granted to withdraw the plea of not guilty interposed at the first trial, and substitute another and different one at the second trial. Defendant, therefore, by the statute, waived any grounds of objection to the information which might have been properly raised by motion to quash. (Criminal Practice Act, § 208.)

In deciding the foregoing question of practice, the court by no means intend to hold that the verification of the original complaint in this case by the sheriff of Jefferson county, on information and belief, was defective. There is much force in the argument that, where a man verily believes that a crime

has been committed, it is the best knowledge of which he may be possessed. It has been the practice, for years and years, for officers to swear out warrants based upon information and belief, and we are not prepared to hold that the oath or affirmation required by the constitution to be made to any complaint charging a person with felony, for the purpose of causing an arrest and examination to answer to a charge in another court, must be made upon the direct knowledge of the person taking the oath. A sheriff is seldom in possession of facts within his own positive knowledge. Again, those who are in possession and knowledge of the exact facts are often unwilling to become complainants themselves. It seems to us that the proper construction of the words "probable cause," as used in the constitution, may be facts embodied in a complaint which charges the offense upon information and belief. (See Washb. Cr. Law, p. 107; *State* v. *Davie,* 62 Wis. 305, 22 N. W. 411; *State* v. *Bennett,* 102 Mo. 376, 14 S. W. 865; *State* v. *Ellison,* 14 Ind. 380; *Franklin* v. *State,* 85 Ind. 99; *Com.* v. *Phillips,* 16 Pick. 211.)

The defendant, before the jury were impaneled, interposed a plea of former jeopardy, upon the ground that heretofore, "on the ―― day of January, 1893, a jury was duly impaneled and sworn to try the defendant upon the information herein filed, and that said cause was thereupon tried before the said jury, which said jury, after hearing the evidence submitted on behalf of the state and of ᵗhe defendant, retired, in charge of an officer, to deliberate on their verdict; that the said jury, upon so deliberating, unanimously agreed that the said defendant be acquitted of the charge, as set forth in full in the information, to wit, of assault with a deadly weapon with intent to do great bodily harm, so far as the same constitutes a felony, and thereupon agreed that he be found guilty of simple assault; that thereupon a disagreement ensued among the jurors upon said jury as to the amount of the fine which should be by the said jury imposed, eleven of the jurors comprising said jury voting and agreeing to impose a fine of fifty dollars and

costs, and one juryman of the said jury insisting upon a fine of five hundred dollars and costs; that, the state of deliberations of the said jury being as heretofore set forth, the said jury returned ínto court, and reported that they could not agree, whereupon the said jury was by the court discharged. And the defendant avers that the discharge of the said jury by the court was without actual necessity, in that not only could the said jury agree, but they had then actually agreed, for that they had unanimously agreed to acquit the said defendant of the felony charged in the information, and that he should not be punished by imprisonment in the state's prison, and more than two-thirds of the said jury, to wit, eleven, had agreed to return a verdict of guilty of assault simply, and to fix the fine at fifty dollars, and these facts said defendant is ready to verify. To which plea the state demurred, the demurrer was by the court sustained, and the defendant excepted.''

By the plea of former jeopardy, defendant substantially alleged that there might have been an acquittal or conviction if the jury had understood the law at the first trial, and if the trial judge had not erred in discharging ·them when he did. But whether they correctly or incorrectly understood their privileges, or whether they were or were not properly charged, is immaterial, in the light of the fact that they did not deliver or return any verdict at all into court, as required by section 334 of the Criminal Practice Act. And until a verdict is filed by the clerk of the court a jury may change their finding at pleasure, or one juror may dissent, and thus defeat the verdict entirely, unless they afterwards agree before a separation. (Bish. Cr. Proc. § 1003; *Morris* v. *Burke,* 15 Mont. 214; *Grant* v. *State,* 33 Fla. 291, 14 South. 757; *In re Thompson,* 9 Mont. 381.)

It logically follows that there having been no complete verdict by delivery, there was no legal verdict at all, and the offer of defendant to show an agreement of the jurors in their room was properly excluded by the court. (Vide authorities

supra; *People* v. *James,* 97 Cal. 400, 32 Pac. 317; *State* v. *Clementson,* 69 Wis. 628, 35 N. W. 56.)

The jury stated to the court that they were unable to agree. How long they deliberated before making this statement, we cannot say, as the record contains no dates, except the —— days of January, 1893. They may have deliberated only one hour, or the whole of that month, so far as we can tell. Indeed, the term of the court may have about come to an end when they were discharged. The appellant did not object to their discharge. It is therefore impossible for us to say that the court abused its discretion in discharging them when it appeared, as it did, that they could not agree on a verdict. The power to discharge them, under the facts disclosed, was in the court. (Criminal Practice Act, § 331.) This power was apparently exercised within the limits of judicial discretion. (*State* v. *Reinhart,* 26 Or. 466, 38 Pac. 823; *State* v. *Jorgenson* (Idaho) 32 Pac. 1129; Proff. Jury Trials, §§ 475–491; *State* v. *Shaffer,* 23 Or. 555, 32 Pac. 545; *People* v. *Goodwin* (N. Y.) 9 Am. Dec. 203; *People* v. *Olcott* (N. Y.) 1 Am. Dec. 168.

Our conclusion is that there never was any former jeopardy, and that the district court properly sustained the demurrer of the state.

We find no error in the case. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and DE WITT, J., concur.