The true construction of the receipt, given by the sheriff to Miller, on receiving from him the amount due on the judgment of Carter and others, is matter of law and not of fact. And it does not admit of question (without adding any words to it), that notwithstanding it says the money was "to apply on" the judgment; yet the words, "said judgment to be under the control of said Miller, and not to be canceled except by his order, if plaintiffs consent to and make an assignment of such judgment to said Miller," show that the payment was intended as a purchase of the judgment, if the plaintiffs would consent to sell.
The plaintiffs subsequently ratified the act of the sheriff in receiving the money as their agent, and not in payment of the judgment, by assigning the judgment. And there can be no doubt that the assignment was effective as such; that the judgment never was paid, but was purchased. Of course, the purchaser, Miller, so holding it, was entitled to redeem, and he did so. He must prevail.
Judgment of general term (reversing special term) should be affirmed, and judgment final rendered against the plaintiff, on the stipulation.