LYDIA A. MARCUS, Appellant, *v.* THE ST. LOUIS MUTUAL LIFE INSURANCE COMPANY, Respondent.

A policy of life insurance may be transferred by delivery without writing.

A policy of life insurance contained a clause declaring that it could be assigned only on the written approval of the company; it did not declare that a violation of the provision would avoid the policy. In an action thereon, *held* (MILLER, J., dissenting), that a violation of this provision did not involve a forfeiture; and that an assignee could enforce the policy, although the insurer had not consented to the assignment.

The policy had been procured for M., the insured, through the agency of D., who acted as solicitor for defendant Subsequently M. handed the policy to D., stating, in substance, that he gave it to him for his wife (the plaintiff); that he gave it to his wife; D. stated to him after the delivery that he ought to have "a written power of transfer" to his wife upon it. M. replied that he would "come in and do it," but did nothing further. D. testified that he took the policy for M.'s wife and had kept it ever since. The court nonsuited plaintiff on the

ground that she had failed to show title to the policy. *Held* (Miller, J., dissenting), error; that the evidence was sufficient to authorize the submission to the jury of the question whether there was a completed gift of the policy to plaintiff.

The policy was written by defendant's general agents; after it was delivered to D., they consented, upon his application, that the premiums for the first year might be paid at any time within thirty days after they should fall due. Said general agents had been in the habit of receiving from D. premiums on policies procured by him at any time within thirty days after due. The policy contained a clause that agents were "not authorized to make, alter or discharge contracts." The assured died within thirty days after the second semi-annual payment of premiums became due, which was not paid. *Held*, that the provision in the policy did not apply to general agents; that they had power to extend the time for payments in the absence of any restrictions on their authority; and that they could waive a provision of the policy, forfeiting it in case of non-payment of premium at the time specified.

*Marcus* v. *St. Louis Mutual Life Insurance Company* (7 Hun, 5) reversed.

(Argued February 1, 1877; decided February 13, 1877.)

This action was upon a policy of life insurance issued by defendants upon the life of William N. Marcus, payable to the insured " or his assigns."

The premiums were to be paid semi-annually. The policy contained these conditions : " That a failure to pay any of the semi-annual premiums as above, when due, shall forfeit this policy." " That this policy can be assigned only upon the written approval of the company; but the insured may, if this policy is not assigned, at any time, change the beneficiaries or surrender the policy to the company." "Agents are not authorized to make, alter or discharge contracts, waive forfeitures or bind the company in any way whatever."

The facts and the rulings of the court are stated substantially in the head-note. The court cited *St. John* v. *American Mutual Life Insurance Company* (13 N. Y., 31); *Sheldon* v. *The A. F. and M. Insurance Company* (26 id., 460); *Wood* v. *The Poughkeepsie Insurance Company* (32 id., 619)

*B. F. Mudgett* for the appellant.

*James Emott* for the respondent.

All concur, except. Miller, J., dissenting; Folger and Earl, JJ., not voting.

Judgment reversed.