BERTHA CAHEN, Appellant, v. THE CONTINENTAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.

In May, 1872, the E. M. Life Ins. Co. issued to plaintiff a policy of insurance upon the life of her husband. Defendant having contracted to assume all the risks of said Co., issued to plaintiff a policy which recited the surrender of the former policy, and made the application and representations therefor a part of the defendant's policy, and the same were warranted true. In an action upon the policy, *held*, that the warranty of the truth of the representations related to the date of the application to the E. Co., not to the date of defendant's policy; that, in the absence of proof, it was not to be presumed that plaintiff or her husband applied to defendant for a policy, or made representations as inducements for it to issue the same, but rather that they yielded passively to the result of the agreement between the two companies; and that, therefore, if the representations were true when made, although they would not have been true if made at the date of defendant's policy, there was no breach of warranty.

Also, *held*, that it was no defence that the risk was, at the time defendant's policy was issued, one that it was not safe or proper to take; as it was taken under the contract obligating defendant to take all the risks of the E. Co., without right to discriminate or reject.

Plaintiff's complaint did not set up the agreement between the companies, but counted on defendant's policy, a copy of which was annexed and made part thereof. It was claimed by defendant that the complaint did not present the fact that the policy in suit was issued in place of the former policy, and not upon an original application to defendant. *Held* untenable; that plaintiff was not bound to anticipate the defence, and to set up facts to meet it.

Defendant had notice, but refused to produce the contract between it and the E. Co. On trial parol evidence was given that a contract was made concerning the assumption by defendant of all the outstanding risks of the E. Co. *Held* that, as defendant by its refusal had incurred the penalty of having all inferences from the proof taken most strongly against it, it might be inferred from this evidence, and from the fact of the issuing of the policy to plaintiff, with the recitals therein, that the contract was one not merely in reference to, but of actual assumption of, such outstanding risks.

(Argued March 22, 1877; decided April 10, 1877.)

APPEAL from order of the General Term of the Superior Court of the city of New York, reversing a judgment in favor of plaintiff, entered upon the report of a referee.

This was an action upon a policy of insurance issued by defendant upon the life of Albert Cahen, plaintiff's husband.

A copy of the policy was annexed to and made part of the complaint. The defence was a breach of warranty.

Upon the trial, it appeared that on May 31, 1872, Albert Cahen made in writing jointly with the plaintiff, an application for insurance, to the Empire Mutual Life Insurance Company. In this application, Albert Cahen stated that he had not, " during the last seven years, any sickness or disease;" that no physician had attended him for such a sickness, and also that he had not been subject to cough. Upon this and on the same day, May 31, 1872, the Empire Mutual Insurance Company issued a policy. The terms of this policy were not put in evidence. Between June 1st, 1872, and October 2d, 1872, an agreement was made in writing between the defendant and the Empire company in regard to an assumption by the former of the risks taken by the latter in the course of its business. The testimony on this subject was oral, was objected to, and received under objection, and the nature of the agreement did not appear in evidence. Plaintiff's attorneys served upon defendant a notice to produce the contract on the trial, which it declined to do.

On October 2d, 1872, the defendant made the policy in question; it began thus: " This policy witnesseth that the Continental Life Insurance Company, in consideration of the representations made to the Empire Mutual Life Insurance Company, in the application for policy No. 13,346 of said company surrendered, which application and representations apply to and make a part of this policy and are warranted true by the assured, and of the sum," etc.

Said policy also contained a provision " that if the declaration made by or for the assured in the application for said Empire policy or any part thereof, shall not have been discovered to be in any respect untrue within one year from the

date hereof, the same shall be considered incontestible by the company, provided however that in case the said declaration or any part thereof, shall at any time be discovered to be willfully and fraudulently untrue, or said premiums shall not have been paid as above specified, then and in such case this policy shall be null and void."

There was evidence that on the 1st of June, 1872, the day after the policy was issued by the Empire Insurance Company, Albert Cahen was in poor health and had a cough; that on June 5th, 1872, a physician was called to attend him. There was testimony by declarations of the plaintiff that Albert Cahen had the disease of the kidneys called diabetes. The physician attended him for about three months. He died about November 13th, 1873, of the disease of the kidneys.

Defendant offered in evidence the testimony of one Henggler, a physician, taken by commission, who attended the assured in June, 1872, of statements made to him by Cahen, and what he discovered as to the nature of Cahen's ailments. This was objected to, as privileged communications under the statute, and was excluded. Defendant's counsel duly excepted. Defendant also offered to prove declarations of Cahen made after his illness, as to his disease, and what the physician told him. These were objected to, excluded, and exception taken.

The claim of the defendant was, that by the true construction of its policy, the application and the statements therein were warranted to be true on the 2d October, 1872, when the defendant's policy was made, and the answer averred that the statements in reference to Albert Cahen, not being subject to cough and not having had any sickness or disease within seven years prior to the application, and as to a physician having been consulted by him within that time, "were willfully and fraudulently untrue, and that the same were discovered to have been willfully and fraudulently untrue, prior to the 2d day of October, 1873."

*Samuel Hand*, for the appellant. If the language of the policy was equivocal, it must be construed against defendant.

(*Reynolds* v. *Com'rce F. Ins. Co.*, 47 N. Y., 604.) The declarations of the insured, subsequent to the issuing of the policy by the Empire Co. were incompetent, and plaintiff is not bound by them. (*Fitch* v. *Am. Pop. L. Ins. Co.*, 59 N. Y., 573; *Rawls* v. *Am. Merc. L. Ins. Co.*, 27 id., 292; *Swift* v. *Ins. Co.*, 63 id., 192–194.) The burden of proof was on defendant to establish fraud. (1 C. & H. Notes [4th Am. ed.], 605; *Swick* v. *Home L. Ins. Co.*, 2 Dil., 160; 3 Bigelow L. & A. Ins. R., 176.) Defendant was estopped from setting up fraud as a defense. (*Cook* v. *Barr*, 44 N. Y., 158; *Fearing* v. *Irwin*, 4 Daly, 396; *Robbins* v. *Codman*, 4 E. D. S., 325; *Miller* v. *Moore*, 1 id., 743.) If defendant discovered within a year that the representations were willfully and fraudulently untrue, it waived that defence September 29, 1873. (*Carrol* v. *Charter Oak Ins. Co.*, 1 Abb. Ct. App. Dec., 319; *Ames* v. *N. Y. Un. Ins. Co.*, 14 N. Y., 263; *Leddle* v. *Market Ins. Co.*, 29 id., 193; *Sherman* v. *Nia. F. Ins. Co.*, 46 id., 532; *Wolf* v. *Sec. F. Ins. Co.*, 39 id., 51; *Sheldon* v. *At. F. & M. Ins. Co.*, 26 id., 462; *N. Y. C. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 20 Barb., 475; *Goit* v. *Nat. Pro. Ins. Co.*, 25 id., 189; *Greenfield* v. *Mass. L. Ins. Co.*, 47 N. Y., 439; *Richardson* v. *Dunne*, 2 Q. B., 224; *Selway* v. *Fogg*, 5 M. & W., 86; *Campbell* v. *Fleming*, 1 Ad. & El., 41.)

*Coudert Bros.*, for the respondent. The rule that the language of the policy if equivocal must be construed against defendant has no relevancy to this appeal. (*Foote* v. *Ætna L. Ins. Co.*, 4 Ins. L. J., 260.) Assuming that the representations of the insured are to be taken as made on the day they were presented to and received by defendant, a fraud was practised and plaintiff cannot recover. (*Howard* v. *Phila., W. & B. R. R. Co.*, 13 How. U. S., 336; *Pasley* v. *Freeman*, 3 T. R., 51; *Hammatt* v. *Emerson*, 14 Shep., 326.) Defendant had a right to assume that the statements made when the Empire policy was issued were reiterated on the issuing of the policy in suit. (2 Duer on Ins., 679; May on

Ins., 199; Bliss on L. Ins. [2d ed.], 137, ¶ 95; *Tril* v. *Baring*, 23 L. J. (Ch.), 521; *Brit. Eq. Ins. Co.* v. *G. W. Ins. Co.*, 38 id., 132, 314; *Decamp* v. *N. J. Mut. L. Ins. Co.*, 3 Ins. L. J., 98; *Whitley* v. *Wilm. L. Ins. Co.*, 71 N. C. R., 480; 4 Bigelow L. & A. Ins. R., 361; *Malone* v. *Cont'l L. Ins. Co.*, 7 Batt. Underwriter, 226.)

FOLGER, J.    There are some preliminary points made by the defendant, to be disposed of before we reach the main question in the case upon which it was principally litigated.

First. It is contended that the question of insurance by the plaintiff in the Empire company, and the effect of any agreement between that company and the defendant, was not raised by the pleadings.

The complaint annexes a copy of the defendant's policy, as a part of itself, and says that the same will be referred to on the trial for its terms and conditions.    The policy of the defendant so referred to and made a part of the complaint, recites that the policy of the Empire Mutual Life Insurance Company has been surrendered, and makes the application and representations therefor a part of the defendant's policy, and those representations a part of the consideration therefor. It is also a condition of that policy, that if the declaration made to the Empire company or any part thereof should not have been discovered to be in any respect untrue within one year from the date of the defendant's policy, the same should be considered incontestible by the defendant, unless it should be discovered at any time willfully and fraudulently untrue.

I am not able, therefore, to agree with the defendant that the complaint does not present the fact that the defendant's policy was issued in the place of the policy of the Empire company, and not upon a primary and original application to the defendant for a policy from it.    The plaintiff was not bound to anticipate in her complaint the defence which the defendant has set up, and had a right to rely, in complaining, upon such averments as stated a cause of action, leaving the

matter which would meet that defence for proof, or argument from proof, at the trial.

Second. It is contended that the policy of defendant was issued upon a risk which a life insurance company could not safely or properly take.   The answer to this position is, that the defendant did not take the risk, in the sense conveyed by this contention.   This was not a transaction between the defendant and the plaintiff, nor was it as to this risk alone. The defendant was not to be expected, nay, not to be allowed, so far as the plaintiff was concerned, to inquire with particularity into the circumstances of it, and examine as closely as if it were at liberty to take or to refuse.   It was a transaction, (we have a right to infer, as we shall show hereafter), as to all the outstanding risks of the retiring company, by which that company was to be relieved from them all, and the defendant was to take them all, without right to discriminate and reject.   So that it does not lie in the mouth of the defendant to say that the risk was an ill one, which it could not safely and properly take.   That was a consideration for it to weigh when it was negotiating with the Empire, and about to take on the liabilities of that company.

Third. As akin to this, it is intimated that the terms of the contract between the two companies do not appear in the evidence.   It does appear that the defendant had notice to produce the contract at the trial, and that the defendant declined to do so, thus forcing the plaintiff to parol proof of its contents, and itself incurring the penalty of having all inferences from that proof taken most strongly against itself. It was shown that the defendant made a contract with the Empire company concerning the assumption by the defendant of the outstanding risks of the Empire company.   Not one risk or few risks, but the risks outstanding, all of them; so it must mean.   And when we find the defendant, after such contract, issuing its policy to the plaintiff, in such terms as appear, we may infer that the contract was not merely about or looking towards an assumption, but that it was a contract of actual assumption.

We now come to the main question in the case, which is to be determined from the language of the contract between the parties, and the circumstances in which it was made.

We have already given a paraphrase of the agreement and conditions of the policy upon which the defendant relies. The defence is, that it was discovered within a year after the issuing of its policy that some part of the declaration made to the Empire company was untrue, and further that it was willfully and fraudulently so. In our view of the case it is not needed that we specify what statements in the declaration are alleged to have been untrue.

The success of the defence depends upon whether the warranty of the truth of the representations relates to the date of the application to the Empire company, or the date of the policy of the defendant. We think that it relates to the date of the former, and that the defence is not made out.

The consideration for the policy of the defendant, as stated therein, is twofold: first, the payment of certain moneys; second, certain representations, representations made to the Empire company. They are referred to as made in the past, and to another company. They are not spoken of as of the present time, and to the defendant. It is those representations of the past, made in that past time to another company, of which the warranty speaks. The truth of them is warranted, the truth of those past things. Now of necessity those representations must speak of the time then present at the date of them, and of the period of seven years just prior to that date. And to be true representations then, they must speak the truth at that time, and of that period. They did not speak of the future, nor take into their scope and purview any time or period to come after they were made. Hence, when the assertion, though it be later in date, is made of the truth of those representations, it is an assertion of the truth at that prior time of what was then expressed in them. Those representations, and that application, made then, speaking of the time then passing, and of the period of seven years just then passed, it is, which are made a part of the defend-

ant's policy. Such is our view of the language of the instrument, by itself considered.

When we consider the nature of the transaction it does not seem probable that the defendant would have sought to exact, or that the plaintiff would have yielded any different warranty. The defendant insists that at the time of the issuance of its policy, the subject of the insurance was mortally ailing, and that he and the plaintiff knew it. Is it reasonable to infer that they would have given up the contract they held with one company, to take the hazard of a new application and renewed representations? Even in health it is not likely that such would be the case. The transaction gives no countenance thereto. It does not appear that the plaintiff or her husband were active in the matter; the probability and the inference are that they passively yielded to the result of the agreement between the two companies, made for their purposes in some degree at least, and not altogether for the benefit of the policyholders.

It is said that the defendant was interested in knowing what the health of Mr. Cahen was in October. So it was. It was not an interest coupled with a right to call upon him to disclose it. It took the risk of his state of health, as it took that of all the other policyholders of the Empire company. It took them all, as it took the risks upon the lives of its own policyholders, upon the principle of life insurance, knowing that some would turn out to be bad risks and others good, and relying upon the average duration of life, to make the result profitable. The defendant is therefore in error when it assumes that Cahen represented then, (in October), what he had before represented. Not so. He made no representation then. The representations were made before, and are spoken of as made before. What he did was again to warrant, as to those former representations, the truth of them. And it takes no interpolation of language into the recital of the policy to give this interpretation. A representation being true when made, can never become a false representation by reason of a change in the subject of which it spoke.

Its character as a truthful representation remains, and an assertion that such character belongs to it, is not a false assertion whenever made, though the representation if uttered anew of the date of the assertion may not be then true. So that the question is, was the representation made anew in October to the defendant; and the language of the policy and the circumstances of the case answer in the negative.

The defendant states upon the points certain principles, as to a representation continuing until the contract is entered into. No need to dispute these. To make them available here, the representations must have been made to induce this contract. They were made to induce a former contract, which was completely entered into, and were not made in negotiation for that which is sued upon. The mistake is in assuming that the plaintiff sought for this contract from the defendant. The refusals of the referee to find, on the request of the defendant, show that the plaintiff did not apply for this policy, and so is the proof. Sight is lost by the defendant of the primary cause of the relations between the plaintiff and defendant. It was the contract between the defendant and the Empire. That fact is controlling, and enters into all just consideration of the issues in this action. The plaintiff had a policy from the Empire company. We have no reason from the evidence in the case to suppose that she wished to surrender it, and take one from the defendant. It was as an incident to the arrangement between the defendant and the Empire company, that she did surrender the policy from the latter and take that from the defendant. She is bound by the terms of it, now that she has accepted it. But we are not called upon nor permitted to place her in the position of an applicant to the defendant for that policy, and as making representations in a negotiation for it, as an inducement to the defendant to enter into it.

There are certain points, made as to the conduct of the trial, now to be considered. The testimony of the physician, Henggler, was properly excluded; (*Edington* v. *Ins. Co.*, 67 N. Y., 185; *Dilleber* v. *Home Ins. Co.*, ante p. 256.) The tes-

timony of the statement of Cahen, the husband, is claimed as competent upon the ground that it was to show that he knew what his condition was at the time of the declaration. If by this is meant the declaration made to the Empire company, the answer is that the statements sought to be proved were after the issuance of the policy by that company. If by it is meant the declaration referred to in the policy of the defendant, the answer is that no new declaration was made for that policy, and the statements were also after the declaration to the Empire company.

We think that the referee was not in error in refusing to find in accordance with the several requests of the defendant. Either he had ground for the refusal in the evidence, or else the finding asked for was immaterial by reason of his conclusion upon the main question in issue, or else a correct interpretation of the contract between the parties sustained him.

And the conclusion is that the order of the Superior Court of the city of New York must be reversed, and the judgment of the referee affirmed.

All concur, ANDREWS, J., absent.

Order reversed and judgment affirmed.