QUINN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

1. LIFE INSURANCE—BREACH OF WARRANTY—ESTOPPEL.
    A life insurance company is estopped to assert as a breach of warranty the falsity of statements inserted in an application by an agent of the company after it was signed by the insured, and without his knowledge.

2. SAME—IMPAIRED HEALTH—REPRESENTATIONS.
    The fact that the insured had no use of her legs, which was known to the agent of the company who took her application, does not avoid the policy, where she made no representations as to her health.

Appeal from Westchester county court.

Action by Patrick Quinn against the Metropolitan Life Insurance Company on a policy of insurance. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Sproull, Harmer & Sproull, for appellant.
William Riley, for respondent.

HATCH, J. It is sought by this action to recover the sum secured to be paid to plaintiff by the terms of a policy of insurance issued by the defendant upon the life of Margaret Daly, deceased, who was an aunt of the plaintiff. The defendant seeks to avoid payment upon two grounds: First. That the answers which were given by the insured in the application for insurance were incorrect, untrue, false, and fraudulent answers, representations, and warranties; that, as such application formed a part of the contract of insurance, and the answers therein constituted a warranty, there was a breach of the warranty which avoids the policy. Second. That at the time of the delivery of the policy, and for a long time prior thereto, deceased was not in sound health; that this was a condition precedent to any obligation under the contract, in consequence of which liability thereunder never attached to the defendant. It may be assumed, for the purposes of this appeal, that the insured was not in sound health at the time when the application was made and when the policy was delivered. But this assumption does not necessarily dispose of the question of defendant's liability under the policy. The evidence discloses that the agent of the company visited

the insured, and made application to her to become insured in the defendant company, and that she consented thereto. She was at this time sitting up, and, as the agent testifies, "looked pretty fair; pretty good appearance; healthy woman apparently." But her inability to use her limbs and move about were known to him at the time. He asked her but two questions,—her age, and who was to be the beneficiary. She signed the application by making her mark. The agent subsequently filled up the application as suited himself, and delivered the same to the superintendent of the company. The residence of the beneficiary was given as her place of residence, although she resided elsewhere. It is not claimed that the insured gave false answers to the questions which were asked of her, or that she was aware that the application required answers to other questions, or that the agent assumed to fill in answers purporting to come from her. Nor is it claimed that the answers she did give were false in fact. In the absence of fraud or collusion between the agent and the insured, statements inserted at the agent's suggestion, not assented to by the insured, which are relied upon by the insurer as constituting a breach of warranty, will not be allowed to operate in defeat of the policy issued thereon, but the insurer will be held to be estopped from setting up the error or falsity as a breach of the warranty. Miller v. Insurance Co., 107 N. Y. 292, 14 N. E. 271; O'Brien v. Society, 117 N. Y. 310, 22 N. E. 954. The fraud of the agent alone will not be allowed to operate in defeat of liability, where there is good faith upon the part of the insured. Upon this question the defendant held the affirmative of the issue (Dougherty v. Insurance Co., 3 App. Div. 313, 38 N. Y. Supp. 258), and, assuming that the insured made and signed the application, and gave truthful answers so far as she was asked, there was nothing appearing upon this branch of the case which would justify a finding that she was guilty of any breach of warranty in the application. It has been held that, when the insured has been guilty of a breach of warranty in making false answers in an application for insurance, the company has the right to avail itself of such breach, even though the agent knew the answer was false. Foot v. Insurance Co., 61 N. Y. 571. But that rule may not be invoked when the insured has been guilty of no misrepresentation, and the agent has mistakenly or falsely made the misrepresentation. Nor does it preclude the insistence upon a waiver where the agent has knowledge of the fact which would work a forfeiture, when the insured or her beneficiary has been guilty of no misstatement, fraud, or concealment of fact. Under such circumstances it becomes the duty of the agent to inform the company, and the jury may find in a proper case that he did so, and waiver may be predicated thereon. Kenyon v. Association, 122 N. Y. 247, 25 N. E. 299.

Did the fact that the woman was not in sound health at the time of the delivery of the policy avoid it as matter of law? It is the settled law of this state that an insurance company cannot avoid liability by proving facts which would defeat the policy if it had full knowledge of such facts at the time when it issued and delivered the same. Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159. The agent of an insurance company is the means of communication

between the insured and the company, and where such agent is authorized to solicit applications for insurance, deliver policies, or collect premiums, facts material to the risk, coming to the agent's knowledge, are presumed to have been communicated by him to the company; and, if he have knowledge of existing grounds of forfeiture at the time of the delivery of the policy, it may be presumed that such forfeiture has been waived by the company. McGurk v. Insurance Co., 56 Conn. 528, 16 Atl. 263; Insurance Co. v. Wolff, 95 U. S. 326. This rule does not involve the authority of the agent to waive forfeitures or other conditions of the policy, but is based upon the act of the company itself, resting upon the theory that the company has the notice and chooses to accept liability where the condition is known at the time of the delivery of the policy, or, subsequently coming to its knowledge, it accepts and retains premiums which fall due thereunder. Application of these rules to the evidence in this case shows that the agent had knowledge of the woman's infirmity, to some extent at least, and the company continued to collect and receive premiums for two years and eight months after the policy was issued. So far as appears, no medical examination was ever had or required by the company. The court, in submitting the case to the jury, charged that, if the agent who procured the application for insurance was the agent of the company, authorized to represent it, and if the company knew the condition of the insured at the time it issued the policy, then they were at liberty to find a verdict for the plaintiff. We think this charge was correct, and that the evidence warranted the submission of this question to the jury. Nothing which appears in Maloney v. Association, 8 App. Div. 575, 40 N. Y. Supp. 918, militates against this view. The court there held that the undisputed facts disclosed no waiver of the terms of the policy, and it was never in fact delivered, so that it might become operative. It does not deny, but assumes, that there might be a waiver of the condition in a case where the facts warranted it.

The present case discloses many suspicious circumstances tending to establish that this insurance was fraudulently procured by the plaintiff in collusion with the agent who obtained the application. But the question was fairly and fully submitted by the court to the jury, and their verdict must be held to have answered this question in plaintiff's favor, and we have no authority to interfere.

The court was requested to charge that, if the insured was of unsound health at the time the policy was issued, the jury must find for the defendant under the terms of the policy. This was refused, and an exception taken. There was no error in this refusal. The request excluded the question of waiver of the condition by the company. The court had already charged, in substance, that the company must have known the condition of the insured at the time it issued the policy, else no liability attached to it. The request was, therefore, substantially charged by the court adding thereto the qualification of waiver.

Our view of the case renders unnecessary of consideration the effect of proofs of death, and the statement of the physician therein. Upon the whole case we think that it became a question of fact for

the jury to determine whether there was any breach of warranty by the insured, or fraud and conspiracy in procuring the insurance, and whether the defendant waived the grounds of forfeiture by a delivery of the policy and acceptance of the premiums. The jury having determined these questions in plaintiff's favor, the verdict must be upheld.

The judgment should be affirmed, with costs. All concur.