The agreement upon the part of the mortgagor for the execution of this contract was to forbear the enforcement of the interest as it fell due upon the bond and mortgage, and after its execution no interest was paid thereon except the sum of $50, and the matter thus remained until the commencement of this action, in February, 1899. The contract in form was sufficient to charge the defendant Kate E. H. Odell with liability. Smith v. Northrup, 80 Hun, 65, 29 N. Y. Supp. 851, affirmed in 145 N. Y. 627, 40 N. E. 165; Miller v. Cook, 23 N. Y. 495; Hayes v. Hood (Sup.) 10 N. Y. Supp. 265. The cases relied upon by the appellants, such as Drade v. Seaman, 97 N. Y. 230, and others, are without application. They simply held insufficient the contracts then under consideration, which failed to express the consideration or to indicate to whom the promise was made. It is not necessary that the consideration should be set out at length. Daniel, Neg. Inst. §§ 1766, 1767. In the present case the guaranty recites the consideration, refers to the instrument to which the guaranty applies, and resort may therefore be had to it to construe the guaranty. When such resort is had, the instrument of guaranty becomes perfect as a contract, within the statute of frauds.

The agreement to forbear, followed by actual forbearance, became a good consideration, even though foreclosure of the mortgage might have been begun the day after execution. Strong v. Sheffield, 144 N. Y. 392, 39 N. E. 330; Porter v. Thom, 30 App. Div. 363, 51 N. Y. Supp. 974. By the terms of her contract, the defendant Kate E. Howe Odell obligated herself to pay the amount secured by the bond and mortgage, in consequence of which she becomes liable for any deficiency which may arise in the event the mortgaged property does not sell for sufficient to pay the debt, interest, and costs. The judgment was therefore right in fixing her liability therefor.

It should be affirmed. All concur.

---

(43 App. Div. 499.)

### GRIFFIN v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. October 3, 1899.)

1. INSURANCE—ASSIGNMENT OF POLICY—DELIVERY—GIFT.
    Dismissal of complaint for failure to show an assignment or gift of a life policy by insured to plaintiff, his wife, who thereafter paid premiums thereon, was error, where the evidence showed a delivery to her, though the policy was conditioned that it should not be assigned unless in writing, as failure to comply with the condition does not defeat the vesting of legal title in the assignee.

2. SAME—WAIVER OF FORFEITURE—FAILURE TO PAY DUES.
    Where weekly payments on a life policy were six weeks in arrears, and the company's agent called, and was paid two weeks' premium, and promised to come again at a day fixed, to collect the balance, but failed to do so, and the company had many times before accepted payments after default without insisting on a forfeiture, the jury was authorized to find that the company had waived a forfeiture, and the agent's agreement to accept a part, fixing a day when the balance would be received, had the effect of extending the time of payment, and estopped it to insist on a forfeiture during the time of extension.

Appeal from special term.

Action by Sarah A. Griffin against the Prudential Insurance Company of America. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Bernard J. Isocke, for appellant.
Thomas F. Magner, for respondent.

HATCH, J. This action was brought upon a policy of life insurance executed by the defendant, insuring the life of William H. Griffin, the husband of the plaintiff. The evidence tended to establish that after the delivery of the policy to Griffin he delivered it to the plaintiff as a gift to her, and she thereafter paid all of the premiums falling due which were paid thereon. Griffin died on September 21, 1895, and on August 19th of that year the payment of the premiums, which were due weekly, was six weeks in arrears. On that day the agent of the company called upon the plaintiff for payment of the premiums due, and the plaintiff thereupon paid two weeks' premiums, the agent stating to her that he would come again on the following Friday or Monday to collect the balance, but he did not come. On Monday following, which was the 26th day of August, 1895, plaintiff went to the office of defendant, and requested to be permitted to pay the amount of the premiums then due upon the policy, and the defendant refused to receive the same. It also appeared that the plaintiff had been in default many times in the payment of premiums upon the policy, but the same had been thereafter accepted by the defendant, and the forfeiture on account of such failure to pay, for which the policy provided, had never been insisted upon, and the defendant had always received the payments until the last offer was made.

At the close of the proof the court ruled that there was no evidence of any assignment of the policy, or of the claim thereunder, to the plaintiff, as averred in the complaint. Thereupon plaintiff's counsel asked leave to amend the complaint so as to aver a gift of the policy to the plaintiff. The court granted the motion, and then held that the evidence was insufficient to establish a gift, dismissing the complaint upon both grounds. This ruling was erroneous. The delivery of the policy by the insured to his wife authorized the jury to find both a gift and an assignment of the policy, and that the plaintiff became vested with legal title thereto. Sheridan v. Mayor, etc., 68 N. Y. 30; In re Babcock, 12 N. Y. St. Rep. 841. The condition that the policy should not be assigned unless in writing does not affect the question. Failure to comply with the condition will not defeat the vesting of legal title in the assignee. Marcus v. Insurance Co., 68 N. Y. 635.

The question of whether the policy lapsed or became forfeited by reason of the nonpayment of premiums was not passed upon at the trial, but, as the question is in the case, and likely to be raised upon the new trial, the rule of law relating thereto should be announced for the subsequent guidance of the court. It is well settled that, as the provision for forfeiture is made for the benefit of the defend-

ant, it may be waived, either by agreement or by declaration of the party entitled to insist upon the forfeiture, or by such a course of dealing with respect thereto as induces an honest belief by the party affected by the forfeiture that it will not be insisted upon. In the present case the jury would have been authorized to find that the defendant did not intend to insist upon a forfeiture by reason of failure to pay the premiums when the same fell due, as it had uniformly accepted the same after such time, and waiver may be predicated of such fact. Kenyon v. Association, 122 N. Y. 247, 25 N. E. 299; French v. Row, 77 Hun, 380, 28 N. Y. Supp. 849; Quinn v. Insurance Co., 10 App. Div. 483, 41 N. Y. Supp. 1060. When the agent last called, he accepted payment of two weeks' premiums, leaving four weeks then in arrears, and agreed to call the following Friday or Monday and collect the balance. It must be assumed that the defendant had notice of such fact, and, having retained the payment, must also be assumed to have ratified the act. Quinn v. Insurance Co., supra. The agreement to accept a part, and fixing a day when the balance would be received, had the effect of extending the time of payment, thereby inducing a belief on the part of the plaintiff that she might withhold payment until the time agreed upon. Such act upon the part of the defendant estops it from insisting upon a forfeiture. Leslie v. Insurance Co., 63 N. Y. 27.

It follows that the judgment should be reversed, and a new trial granted; costs to abide the event. All concur.