## O'FARRELL v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. LIFE INSURANCE—APPLICATION—MISREPRESENTATION — QUESTION FOR JURY.
   In an action for life insurance, defended on the ground that the insured had falsely stated that certain relatives never had certain diseases, an agent of the insurer, who was present at the examination, testified that the insured stated that he did not know, whereas the physician who made the examination stated that he put down the answers correctly, and read them over after they were written, when the insured signed it, but that he had no personal recollection of the examination, or of the insured;

·and his testimony was based on the application, and on the fact that he had made the examination. *Held*, that on this evidence the question was for the jury.

2. ERROR CURED—ADMISSION OF OBJECTIONABLE TESTIMONY.

Error in the admission of objectionable testimony is cured, where it is afterwards stricken out on motion, by leave of court.

Appeal from trial term, Dutchess county.

Action by Ann O'Farrell, as administratrix of Patrick O'Farrell, against the Metropolitan Life Insurance Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. N. Bovee, Jr. (J. McG. Goodale, on the brief), for appellant.

Wood & Morschauser, for respondent.

PER CURIAM. When this case was before this court on the former appeal (22 App. Div. 495, 48 N. Y. Supp. 199), the question presented was as to the construction of the contract, which it was claimed made the agent taking the application the agent of the insured for all purposes, so as to conclude the latter for any act, either of mistake, misconduct, or otherwise, of the agent. In the present case such question is not presented, as the claimed misstatement of the insured, which it is insisted avoided the policy, was not made in the·application for insurance, but was made to the examining physician; and it is conceded by the appellant that such physician was the agent of the company, and not of the insured. The claimed breach of warranty consisted in giving a false answer to the following question: "Did any of the parents, grandparents, brothers or sisters, of the life proposed, ever have consumption, or any pulmonary or scrofulous disease?" To this question the medical examiner wrote, "No." This answer, if made, was false in fact, and avoids the policy. Upon the trial the plaintiff gave evidence from an agent of the company, who was present at the time when the medical examination was had, to the effect that he heard the question asked, and in reply the in-sured stated that he "did not know." The physician testified that he put down the answers as given by the insured correctly as they were given, and read the same over after they were written down, when the insured signed it. He· had no personal recollection of the examination or the person examined, and all that he was able to testify to was based upon the application, and the fact that he had made the examination. If it be accepted as the fact that the insured made answer to this question by stating that he did not know, then such fact became one known to the company, as it was known to its agent; and, if it thereafter chose to deliver the policy and accept the payment of premiums thereon, it became bound·according to the tenor of its terms. Quinn v. Insurance Co., 10 App. Div. 483, 41 N. Y. Supp. 1060.

We are of opinion that upon the evidence such question became one of fact for the jury to determine, and that this court is required to give effect thereto. So far as the declarations as made to the agent

of the company prior to the medical examination are concerned, it is evident that the attitude of the court in admitting the answers was tentative, merely, as the court expressly reserved the right to the counsel for the defendant to move to strike out such evidence if it was subsequently found, upon all the proof, to be incompetent. Subsequently, and before the plaintiff rested, the court stated to the defendant that it might then move to strike out the objectionable testimony. The defendant availed itself of this privilege, and upon its motion the testimony was stricken out. This cured whatever error had been committed in its previous reception. There are no other questions in the case, and it follows that the judgment should be affirmed.

Judgment and order affirmed, with costs.