CATHERINE T. FAY, Respondent, *v.* PRUDENTIAL INSURANCE COM-
PANY OF AMERICA, Appellant.

*Insurance — waiver of a defense based on a misrepresentation in the application there-
for — the knowledge of the misrepresentation on the part of the agent is a bar to
such defense.*

An insurance company has power to waive, by a written communication sent to
the beneficiary during the life of the insured, its right to assert, as a defense
to an action upon a policy of insurance issued by it, the existence of a mis-
representation contained in the application for the policy.

The existence of the misrepresentation will not render the policy void when it
appears that such misrepresentation was inserted in the application by the
agent of the insurance company with full knowledge of the facts, without the
knowledge, connivance or collusion of the beneficiary.

APPEAL by the defendant, the Prudential Insurance Company
of America, from a judgment of the Municipal Court of the
city of New York in favor of the plaintiff, entered on the 13th
day of June, 1902, after a trial before the court without a
jury.

*Thomas F. Magner,* for the appellant.

*John J. Trapp,* for the respondent.

HIRSCHBERG, J.:

The plaintiff has recovered a judgment requiring the defendant
to refund, with interest, the premiums paid by her on a policy of
insurance issued by the defendant on the 1st day of April, 1895,
insuring the life of her minor child, on the theory that the policy
was void *ab initio.* The child was between six and seven years of
age at the time the policy was issued, and the premiums have been
regularly paid by the plaintiff until April 1, 1902, at which time the
child was in her fourteenth year. At the time the insurance in
question was effected the child was also insured in another company,
viz., the John Hancock Mutual Life Insurance Company, the
weekly premiums then amounting to more than twenty cents. The
policy issued by the defendant contains this provision : " This policy
shall be void  *  *  *  if the person insured is under thirteen

years of age and is now, or may hereafter be insured while under such age in this or any other company or society, and the total premiums on such insurances shall exceed  *  *  *  twenty cents per week for ages between six and twelve inclusive.   If for any cause this policy be or become void, all premiums paid thereon shall be forfeited to the company, except as provided on the back of this policy."   The provision on the back of the policy relates exclusively to the avoidance of the insurance by reason of default in the payment of premiums.

The facts upon which the plaintiff relied at the trial were undisputed, and included the following.   She told the defendant's agent of the existence of the other policies, and of the amount of the weekly premiums at the time she applied for the insurance, but he caused her to sign an application for insurance with the defendant company which contained a statement, as she has recently learned, to the effect that there was then no existing insurance.   On learning that fact she wrote to the defendant inquiring whether the policy would be paid in the event of the child's death, and received an answer under date of February 11, 1902, stating that "in view of the length of time this policy has been in force, and there being no legal reason why the same should not be continued in force, providing the premiums are regularly paid, we shall not in any way molest this insurance."   In the answer filed by the defendant in this action the policy was alleged to be in full force and valid, and that position was also assumed upon the trial, the insured having reached an age beyond the period of prohibition before the commencement of the action.

It is unnecessary to determine whether the fact that the insured became thirteen years of age during the period of the payment of premiums operated to validate the policy, inasmuch as there can be no question but that the policy is enforcible independently of that feature of the case.   It was clearly within the power of the defendant to waive a defense based upon a misrepresentation contained in the application, and the written communication referred to amounts to such a waiver.   Moreover, it seems well settled that the act of the agent in preparing the application as he did, if done with full knowledge on his part of the real facts, and without knowledge, connivance or collusion with respect to such act on the part of the plaintiff,

would not of itself serve to render the policy void. (*Quinn* v. *Metropolitan Life Ins. Co.*, 10 App. Div. 483 ; *O'Farrell* v. *Metropolitan Life Ins. Co.*, 22 id. 495 ; 44 id. 554 ; affd., 168 N. Y. 592 ; *Sternaman* v. *Metropolitan Life Ins. Co.*, 170 id. 13.) Under the doctrine of these authorities the defendant would be estopped from setting up the defense which the plaintiff has apprehended.

On the other hand, it would seem that if the insurance was effected under circumstances which would render it absolutely void for misrepresentation on the plaintiff's part constituting a false warranty, she would not be permitted to recover back the premiums paid by her, but would be precluded by the condition of forfeiture if for no other reason.

The judgment should be reversed.

BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.