BARNETT v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. INSURANCE—PROOFS OF DEATH—PRESUMPTION OF AUTHORSHIP.
   There is no presumption that proofs of death furnished to the insurance company were given it by one claiming rights under the policy.

2. SAME—ADMISSIONS IN EVIDENCE—PROOF OF CIRCUMSTANCES.
   It is incumbent on an insurance company offering, as evidence of a misstatement of insured's age, proofs of death furnished by the attending physician, and not verified by plaintiff, to prove the circumstances making such proofs competent as an admission against plaintiff.

3. SAME—ASSIGNMENT—NECESSITY OF WRITING.
   The assignment of a life insurance policy does not require a writing.

4. SAME—DECLARATIONS OF ASSIGNOR—COMPETENCY.
   Where plaintiff's evidence established an assignment of a life policy to him on a certain date, a subsequent declaration of the assignor as to her age was not competent against plaintiff in an action on the policy.

Appeal from Trial Term, Orange County.

Action by Robert H. Barnett against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Graham Witschief, for appellant.

R. H. Barnett, pro se.

JENKS, J. The defendant contended that it has the right to adjust the amount of the policy, and to discharge it by the payment of a reduced amount, because the assured misstated her age upon her application. At first the court received certain evidence to support the alleged misstatement, but subsequently struck it out, and directed a verdict for the plaintiff. Under objection and exception, the defendant put in the proof of the death of the assured as evidence of her age. It is to be noted that this proof was made by the attending physician, and was not verified by the plaintiff. Assuming that it was evidence as against the plaintiff of the age of the assured, it is only so upon the theory of an admission by the plaintiff. Hanna v. Connecticut Mut. Life Ins. Co., 150 N. Y. 526, 44 N. E. 1099; . Spencer v. C. M. L. Ass'n, 142 N. Y. 505, 37 N. E. 617. But it did not appear that the plaintiff filed· the proof. The plaintiff testified that, when he wrote to the defendant for instructions as to proof of death, it referred him to its local officers, and that he consulted with them. In answer to the inquiry of the court, the plaintiff, in person, not then on the witness stand, stated that he did not furnish it; and thereupon the learned counsel for the defendant admitted that he could not tell who furnished it—that he did not know. I think there is no presumption that the plaintiff furnished it. While it was essential to the collection of his claim, yet it might well be that the defendant, apprised of the death, procured it for its own assurance and protection. It was incumbent

¶ 3. See Insurance, vol. 28, Cent. Dig. § 478.

upon the defendant, offering evidence which was competent as an admission, to prove the circumstances which gave it such character.

The defendant also read in evidence, under objection as to its relevancy, materiality, and competency, and exception, the record of the superintendent of the poor of Saratoga county, required by section 138 of the poor law (Laws 1896, p. 178, c. 225), which, referring to the assured, showed the following:

"Name, Margaret Connelly; Record Number, 1880; Date of Admission, Sept. 7, 1900; readmitted, May 9, 1901; Discharged by Death, May 24, 1902; Sex, W; Age, Sixty-five."

The plaintiff testified that he took an assignment of the policy on or about May 15, 1900, when it and the premium book were delivered to him. He testified that the assignment was subsequently reduced to a writing, which was executed September 21, 1900. He testified as to the consideration therefor, and that he had paid the premiums thereof even prior to May 15, 1900. The plaintiff at first did not offer the written assignment in evidence, but, after some colloquy with the court, it was offered in corroboration of his evidence as to the oral assignment of May 15, 1900. The assignment did not require a writing. Marcus v. St. Louis Mutual Life Ins. Co., 68 N. Y. 625; Griffin v. Prudential Ins. Co., 43 App. Div. 499, 60 N. Y. Supp. 79; Liberty Wall Paper Co. v. Stoner W. P. Co., 59 App. Div. 353, 69 N. Y. Supp. 355, affirmed in 170 N. Y. 582, 63 N. E. 1119. As the proof was sufficient to establish an assignment of May 15th, and the plaintiff stood upon it, evidence of the declaration of the assignor in the following September is not competent. Wangner v. Grimm, 169 N. Y. 421, 432, 62 N. E. 569. See, too, Terwilliger v. Industrial Benefit Ass'n, 83 Hun, 320, 31 N. Y. Supp. 938.

I think that the learned court (Garretson, J.) was right in his disposition of the case, and that the judgment should be affirmed, with costs. All concur.