### McNEVINS v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Appellate Term. February 7, 1908.)

1. INSURANCE—ASSIGNMENT OF POLICY—MANNER—EFFECT.

Unless otherwise specifically provided, a policy may be assigned in the same manner as any other chose in action, and the assignment may be oral, and by mere delivery, with intent to transfer. No particular form of words is necessary, and the assignment may be either for a valuable consideration or voluntarily as a gift.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 484.]

2. SAME—ACTIONS—TRANSFER OF POLICY—EVIDENCE—SUFFICIENCY.

In an action on a policy of life insurance, which provided no method or condition of assignment, and which provided for payment to any one connected by marriage to the insured, or equitably entitled thereto by reason of having incurred expense for his burial, or for any other purpose, it appeared that on receipt of the policy the insured delivered it to plaintiff, his wife, saying, "Take this policy and pay on it," and that plaintiff

thereupon took the policy, retained it, paid the premiums until his death, and also paid his burial expenses. *Held*, that the jury was warranted in finding that there was both a gift and an assignment of the policy, and that the legal title thereto vested in plaintiff, since as a gift the transfer required no consideration, and depended upon no agreement, but upon the insured's voluntary act, and it was accomplished by delivery of the policy, and as an assignment the transfer required no specific form of words, either oral or written, and plaintiff was eligible to receive payment of the insurance money.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 484.]

3. SAME—ACTIONS—PLEADING—ASSIGNMENT OF POLICY—GIFT.

The fact that plaintiff alleged an assignment of the policy did not require an amendment of the pleadings to conform to the proofs, since a gift is a voluntary transfer from one to another without consideration, and the difference between a gift and any other assignment is merely in the method of proof.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Annie McNevins against the Prudential Insurance Company of America on a life insurance policy. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and GERARD, JJ.

William O. Campbell, for appellant.

John MacGregor, for respondent.

GILDERSLEEVE, P. J. On or about February 5, 1906, defendant issued a policy of insurance on the life of one Luke McNevins, who was the husband of the plaintiff. This policy, among other things, provided for payment to any relative by blood or connection by marriage of the assured equitably entitled thereto by reason of having incurred expense for his burial or for any other purpose. On receipt of said policy the insured delivered the same to plaintiff, saying: "Take this policy and pay on it." Plaintiff thereupon took possession of said policy, retaining the same, and paying the premiums thereon until the death of the insured. She also paid his burial expenses. There was no assignment in writing of said policy to plaintiff, nor did the policy by its terms require a written assignment. Defendant maintains, however, that plaintiff had no legal capacity to sue by reason of her alleged failure to prove an assignment, within the terms of the allegation of the complaint that "on or about the 5th day of February, 1906, the said Luke McNevins duly assigned, transferred, and delivered said policy to the plaintiff," which allegation is denied in the answer. No motion was made to conform the pleadings to the proof. Unless otherwise specifically provided, a policy of insurance may be assigned in the same manner as any other chose in action, and the assignment may be oral and by mere delivery with intent to transfer. No particular form of words is necessary, and the assignment may be either for a valuable consideration, or voluntarily as a gift. Olmstead v. Keyes, 85 N. Y. 593; Steinback v. Diepenbrock, 158 N. Y. 24, 52 N. E. 662, 44 L. R. A. 417, 70 Am. St. Rep. 424; Green v. Hart, 1 Johns. 580; Marcus v. St. Louis Mut. Life Ins. Co., 68 N. Y. 625; 19 Am. & Eng. Ency. of Law (2d Ed.) 89; Smith v. Miller, 25 N. Y. 619; Griffin v.

Prudential Insurance Co., 43 App. Div. 499, 60 N. Y. Supp. 79; Travelers' Insurance Co. v. Grant, 54 N. J. Eq. 208, 33 Atl. 1060; Cohen v. Continental Life Ins. Co., 69 N. Y. 300. The policy in question makes no provision as to any method or condition of assignment. The issues were submitted to the jury by the learned court below in a charge to which no exception was taken, and the jury found for plaintiff. Defendant appeals.

It seems to us that the delivery of the policy by the insured to his wife, the plaintiff, under the circumstances above narrated, authorized the jury in finding that there was both a gift and an assignment of the policy, and that the legal title thereto vested in plaintiff. Griffin v. Prudential Ins. Co., 43 App. Div. 499, 60 N. Y. Supp. 79. As a gift the transfer required no consideration and depended upon no agreement, but upon the voluntary act of the insured only, and it was accomplished by the delivery of the policy, as above narrated. Pickslay v. Starr, 149 N. Y. 432, 437, 44 N. E. 163, 32 L. R. A. 703, 52 Am. St. Rep. 740. As an assignment the transfer required no specific form of words, either orally or in writing; and, as already shown, the plaintiff was a person particularly stated in the policy to be eligible to receive payment of the sum due thereon. No necessity was presented for conforming the pleadings to the proof. A gift is a voluntary transfer from one to another without consideration, and the difference between the gift of a policy and any other assignment is merely in the method of proof. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 357, 17 Am. St. Rep. 638; 11 Am. & Eng. Ency. Law (2d Ed.) 1004. The judgment is right, and should be affirmed, with costs.

Judgment affirmed with costs. All concur.