Annie McNevins, Respondent, v. The Prudential Insurance Company of America, Appellant.

(Supreme Court, Appellate Term, February, 1908.)

Assignments — Requisites and Sufficiency — Assignments by parol and delivery.

Gifts — In general — Rights in action — Parol gifts.

Insurance: Assignment or transfer of policy — Sufficiency of assignment — Transfer by delivery: Actions on policies — Admissibility of evidence — Evidence as to assignment of policy.

Unless otherwise specifically provided, an assignment of a policy of life insurance may be oral and by mere delivery with intent to transfer; no particular form of words is necessary, and the assignment may be either for a valuable consideration or voluntarily as a gift.

Where a husband delivers to his wife a policy of life insurance, which provides for payment to any relative by blood or connection by marriage of the insured, equitably entitled thereto by reason of having incurred expenses for his burial or for any other purpose, but which contains no provision as to any method or condition of assignment, saying, " Take this policy and pay on it;"

and the wife accepts the policy and retains it, paying the premiums until his death and also the expenses of his burial, the jury, in an action upon the policy, is warranted in finding that there were both a gift and an assignment of the policy and that the legal title thereto vested in the wife.

The complaint having alleged an assignment of the policy, an amendment of the pleadings to conform to the proof is unnecessary, the only difference between a gift of the policy and an assignment thereof being in the method of proof.

Appeal by the defendant from a judgment in favor of the plaintiff, rendered in the Municipal Court of the city of New York, second district, borough of the Bronx.

William O. Campbell, for appellant.

John MacGregor, for respondent.

Gildersleeve, J.   On or about February 5, 1906, defendant issued a policy of insurance on the life of one Luke McNevins, who was the husband of the plaintiff.   This policy, among other things, provided for payment to any relative by blood or connection by marriage of the assured equitably entitled thereto by reason of having incurred expense for his burial or for any other purpose.   On receipt of said policy the insured delivered the same to plaintiff, saying: " Take this policy and pay on it."   Plaintiff thereupon took possession of said policy, retaining the same and paying the premiums thereon until the death of the insured. She also paid his burial expenses.   There was no assignment in writing of said policy to plaintiff, nor did the policy by its terms require a written assignment.   Defendant maintains, however, that plaintiff had no legal capacity to sue by reason of her alleged failure to prove an assignment within the terms of the allegation of the complaint that, " on or about the 5th day of February, 1906, the said Luke McNevins duly assigned, transferred and delivered said policy to the plaintiff," which allegation is denied in the answer.   No motion was made to conform the pleadings to the proof. Unless otherwise specifically provided, a policy of insur-

39

ance may be assigned in the same manner as any other chose in action; and the assignment may be oral and by mere delivery with intent to transfer. No particular form of words is necessary, and the assignment may be either for a valuable consideration, or voluntarily as a gift. Cox v. People, 80 N. Y. 593; Steinbock v. Dripenbrock, 158 id. 24; Peck v. Randall, 1 Johns. 580; 168 N. Y. 625; 19 Am. & Eng. Ency. of Law (2d ed.), 89; 25 N. Y. 619; 43 App. Div. 499; 54 N. J. Eq. 208; 69 N. Y. 30. The policy in question makes no provision as to any method or condition of assignment. The issues were submitted to the jury by the learned court below in a charge to which no exception was taken, and the jury found for plaintiff. Defendant appeals. It seems to us that the delivery of the policy by the insured to his wife, the plaintiff, under the circumstances above narrated, authorized the jury in finding that there were both a gift and an assignment of the policy, and that the legal title thereto vested in plaintiff. Griffin v. Prudential Ins. Co., 43 App. Div. 499. As a gift, the transfer required no consideration and depended upon no agreement, but upon the voluntary act of the insured only; and it was accomplished by the delivery of the policy, as above narrated. Pickslay v. Starr, 149 N. Y. 432, 437. As an assignment, the transfer required no specific form of words, either orally or in writing; and, as already shown, the plaintiff was a person particularly stated in the policy to be eligible to receive payment of the sum due thereon. No necessity was presented for conforming the pleadings to the proof. A gift is a voluntary transfer from one to another without consideration, and the difference between the gift of a policy and any other assignment is merely in the method of proof. McKenzie v. Harrison, 120 N. Y. 260; 11 Am. & Eng. Ency. of Law (2d ed.), 1004.

The judgment is right and should be affirmed, with costs.

Seabury and Gerard, JJ., concur.

Judgment affirmed, with costs.