YOUNG v. PRUDENTIAL INS. CO. et al.

(Supreme Court, Special Term, Suffolk County. July 11, 1911.)

1. GIFTS (§ 28*)—GIFTS INTER VIVOS—SUBJECT OF—INSURANCE POLICY.

    A valid gift in præsenti of an insurance policy may be made without writing.

    [Ed. Note.—For other cases, see Gifts, Cent. Dig. § 51; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. GIFTS (§ 28*)—GIFTS INTER VIVOS—INSURANCE POLICY.

> Where insured delivered his policy to claimant under circumstances indicating an intent to make a valid gift of the insurance to her, she could not be deprived of the benefit thereof because decedent had made another ineffectual effort to vest the policy in her.

> [Ed. Note.—For other cases, see Gifts, Cent. Dig. § 51; Dec. Dig. § 28.*]

Action by Albert W. Young, as administrator, against the Prudential Insurance Company and another. Complaint dismissed. Judgment in favor of Mary L. Ryan, claimant.

Timothy M. Griffing and Robert P. Griffing, for plaintiff.

William O. Campbell, for defendant Prudential Insurance Company.

George F. Stackpole, for defendant Ryan.

JAYCOX, J. While the paper executed by the insured for the purpose of vesting title to the policy in suit in the defendant Ryan is equivocal in character, I think it should be construed as an assignment. The circumstances indicate that that was what he desired. The word "herewith" is indicative of a present intention to give, and not of a future gift, to take effect at the death of the donor. The subsequent conduct of the donor indicates that that was his intention, to give the policy with the paper in question; in other words, "herewith." He gave both to defendant Ryan at the same time. The phrase "at my death" is attributable to the fact that nothing was due on the policy until his death, and the assured desired to give her the policy "herewith," with all sums of money due at his death.

[1] Aside from that, I think a valid gift in præsenti was made when the policy was delivered to the defendant Ryan by the insured. The cases are quite numerous which hold that no writing is necessary to effect a valid gift of a policy of insurance. McNevins v. Prudential Ins. Co., 57 Misc. Rep. 608, 108 N. Y. Supp. 745; Griffin v. Prudential Ins. Co., 43 App. Div. 499, 60 N. Y. Supp. 79; Barnett v. Prudential Ins. Co., 91 App. Div. 435, 86 N. Y. Supp. 842, and cases cited.

[2] If the document be considered unambiguous, and testimony as to the surrounding circumstances be incompetent to aid in its construction, then the interview in which the decedent gave the policy to defendant should not be colored by the fact that this document accompanied the policy. Within the cases above cited, this interview and the delivery of the policy, standing alone, was sufficient to vest title to the policy in the recipient. The defendant Ryan, therefore, should not be deprived of the benefit of this occurrence because the decedent had made another ineffectual effort to vest title to the policy in her.

The complaint of the plaintiff should be dismissed, and the defendant Mary L. Ryan should have judgment against the defendant Prudential Insurance Company for $230, with interest thereon from January 29, 1910, and both defendants are entitled to costs against the plaintiff.