ALEXANDRIA BAGINSKA, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

City Court of New York, Queens County, May 19, 1937.

*Irving A. Cook,* for the plaintiff.

*Henry C. Frey* and *J. Nash Williams,* for the defendant.

FROESSEL, J.   The defendant, on December 28, 1925, issued its twenty-year endowment policy to one Frank Sakowicz in the sum of $1,000.   By its terms in the event of the death of the insured, prior to the maturity of the endowment, the policy was payable to the administrator of the insured, subject to the option of the company, to pay any other person equitably entitled, pursuant to the usual facility of payment clause.   The evidence showed the close relationship between the insured and the plaintiff and her husband, with whom he lived, and other circumstances, which need not be reviewed here; the plaintiff claimed she was like a mother to him. The evidence further showed that on February 19, 1931, the insured, while out of work and for other considerations, gave and delivered the premium receipt book and the policy to her, and that she paid the premiums thereon for a number of years.   On the same day the insured executed a paper entitled " Application for Designation of Beneficiary," whereby he " requested " the defendant " to pay the death benefit in accordance with the terms of the above mentioned policy to Alexandria Baginska," the plaintiff, subject to the provisions authorizing payment hereinbefore referred to.   The said form contains the name (and other data) of the defendant's agent, who plaintiff claims was present at the time of execution, and who receipted the premiums over a period on behalf of the defendant as evidenced by plaintiff's testimony, as well as by the premium receipt book.   In answer to the question, " Who holds policy and pays premiums?" the said form states, " Alexandria Baginska." Even though the execution of this form be deemed insufficient to effect a change of beneficiary, it, together with the other evidence in the case, justifies the finding that decedent desired the plaintiff to have the proceeds of this policy and is tantamount to an assignment of the policy.   (*Zahn* v. *Metropolitan Life Insurance Co.,* 250 App. Div. 231.)   In that case the insurance company resisted the payment, after having already paid the insurance moneys to another

and the Appellate Division, Second Department, sustained the claim of plaintiff, whose position was similar to the plaintiff's herein.

A policy of life insurance is a non-negotiable chose in action, and is assignable. (*Johnston* v. *Scott*, 76 Misc. 641, 646; *Matter of Pastore*, 155 id. 247, 251.) In the latter case it was said: " In view of the essential nature of the policy as a chose in action, it is obviously true that the manner of effecting an assignment in the case of an insurance policy is the same as that which may be employed with any other species of property of similar character " (citing numerous cases). Life insurance policies are assignable orally. (*Marcus* v. *St. Louis Mutual Life Ins. Co.*, 68 N. Y. 625; *Barnett* v. *Prudential Ins. Co.*, 91 App. Div. 435 [2d Dept.]; *Matter of Walsh*, 248 id. 673 [4th Dept.], and cases therein cited.) The proof also showed the essentials of a gift *inter vivos*, namely, an intent to give, delivery to the donee, and acceptance by the latter. (*Matter of Dunne*, 136 Misc. 250, 251; affd., 232 App. Div. 831; *Matter of Pastore, supra*.)

In any event, I find upon the whole evidence that the insured had the right to, and did transfer to the plaintiff all his right, title and interest in and to the said policy and the proceeds thereof on February 19, 1931. As to his right to do so, I quote again from *Matter of Pastore:* " Since the total rights under the contract are his, he may convey them to another, either in whole or in part and either with or without consideration." The defendant calls attention to the fact that the policy, by its terms, forbids and makes ineffective any assignment, but, on the back of its cash surrender form, in the case of loss of policies, it requires an insured to declare that such policy has " not been sold, assigned or transferred to any other person." If it regarded the policy as non-assignable, why should it require such declaration? In any event, this question has previously been passed upon. (*Foryciarz* v. *Prudential Ins. Co.*, 95 Misc. 306; 177 App. Div. 952; *Matter of Pastore, supra*, and numerous additional cases therein cited.) Adopting the language of Surrogate WINGATE, in the *Pastore* case: " It follows, therefore, that all rights thereunder belong solely to the insured and he is authorized to assign or otherwise deal therewith in the same manner which is permitted him in respect to any other chose in action in his possession."

There is, however, a further aspect to this case. It appears that on October 21, 1936, ten days before his death and more than five and one-half years after the transfer to the plaintiff aforesaid, the insured executed a cash surrender application. On October 31, 1936, while the defendant was making its investigation

with regard thereto, the insured died. Defendant paid no one under the policy. It now contends that all it is liable for is the cash surrender value to the executor or administrator of decedent's estate, and relies upon *Lofaro* v. *John Hancock Mutual Life Ins. Co.* (239 App. Div. 54) and *Bibbo* v. *Penn Mutual Life Ins. Co.* (241 id. 423, 424). It will be observed that in neither of these cases does the question of assignment arise, and as a matter of fact in the *Bibbo* case, which followed the *Lofaro* case, the court expressly pointed out that " The policy was not assigned." Hence, they have no application.

Accordingly, I hold that the insured transferred all his interest in the policy in question and the proceeds thereof to the plaintiff on February 19, 1931, and that he had no right to affect her interest in the policy after that date by requesting the cash surrender value on October 21, 1936. (*Barnett* v. *Prudential Ins. Co.*, *supra.*)

It follows that the plaintiff is entitled to judgment for the face amount of the insurance, to wit, $1,000, plus the maturity dividends in the sum of $62, with interest from October 31, 1936. Let judgment be entered accordingly.